WHITING AND WHITING v. THE CITY OF MOUNT PLEASANT.

1. STATUTE CONSTRUED. Sections 19–27, chapter 157, laws 1858, (an act for the incorporation of cities and towns) apply to municipal corporations in existence at the time it went into effect, as well as to those subsequently organized.
2. SAME. Proceedings to exclude property from the limits of any city or town, whether organized before or after the taking effect of said chapter, should be conducted in the manner provided therein.
3. TITLE OF SAID CHAPTER. The title of said chapter embraces but one subject, and matters properly connected therewith, citing and following *The State of Iowa ex rel. Wier v. The County Judge of Davis county* 2 *Iowa* 282; and *Morford v. Unger*, 8 Iowa 83.

*Appeal from Henry District Court.*

MONDAY, APRIL 15.

*William A. Cook* for the appellants, in an elaborate argument upon the construction of the statute considered in the opinion of the court, cited the following authorities: Sedgw.

Stat. & Con. Law 576 ; *Walker* v. *Caldwell*, 4 Louis. An. R.
298 ; *The State of Iowa ex rel. Weir* v. *The County Judge
of Davis County*, 2 Iowa 282 ; *De Witt* v. *San Francisco*, 2
Calf. 289 ; *Murphy* v. *Menard*, 11 Texas 673 ; *Santo et al*,
v. *The State of Iowa*, 2 Iowa 188; *Morford* v. *Unger*, 8
Ib. 82.

*George Doolittle* for the appellee, relied upon *Santo et al*
v. *The State*, 2 Iowa 165 ; *The State of Iowa ex rel. Weir* v.
*The County Judge of Davis County*, Ib. 280; *Reed* v. *Wright*,
2 G. Greene 15 ; *The Town of Fishkill* v. *The Fishkill and
Beekman Plank Road Company*, 22 Barb. S. C. 634.

BALDWIN, J.—The plaintiffs filed their petition in the Dis-
trict Court of said county, under the provisions of sections
19–27, of the act of 1858, chapter 157, praying to have
certain property on which they resided stricken from the
limits of the city of Mt. Pleasant. The facts stated in the
petition are not disputed but are admitted by the demurrer.
Without referring to the technical objections discussed by
counsel as to the sufficiency of the demurrer to raise the
questions passed upon by the court, we propose to consider
at once the two questions that are decisive of the whole case.

Do the provisions of the sections above referred to apply
to cities incorporated when such act was passed, or to cities
incorporated exclusively under the provisions of said act ?
The city of Mount Pleasant was incorporated prior to the
passage of said act, and the plaintiffs' property was within
the corporate limits of said city. By section 1 of said act
it is declared " that *none of the provisions of this act* shall
apply to *cities and towns already incorporated, otherwise* than
as herein provided, save and except sixty-one of this act."
Do the provisions of sections 19–27 apply to the city of
Mount Pleasant as a city already incorporated when this
act was passed ? From the words used in this first section,
it is evident that the legislature intended that some portions
of the act, besides section 61, should apply to cities already

organized. They say none shall apply *except as herein provided*. Some provision then of the act besides section 61 must apply to cities there incorporated. From the 1st to the 19th section, the legislation is altogether in reference to new cities. With the 19th section commence the provisions under which the plaintiffs claim the right to be stricken out of said city limits. This section reads as follows: "When the inhabitants of a part of *any city* or town shall claim to have the part of the territory of such city or town in which they reside severed from the limits of such city or town, they may apply by petition," &c.

The provisions of this section are so general that it must have been the intention of the legislature to have them apply to old as well as new cities. The word "any," is general in its signification; and had the legislature intended to have limited the provisions of said sections to new cities alone, (and as the preceding sections were in relation to new cities,) the word, "any," would not have been used. There could be no doubt about the proper construction of this section, were it not for the prohibition in the first section of the act. · But even under this section, it must be conceded, that some portions of the act related to cities then incorporated. The portion of the act under which plaintiffs seek relief could as well be applied to old cities as any of the sections of said act. It is conceded that sections 107–110 relate exclusively to old cities. Do not these sections indicate an intention on the part of the legislature to make the provisions of the whole act apply to cities organized prior to that time? Why do they say, in section 107, that "all rights, and property of every kind and description which were vested in a municipal corporation under its *former organization*, shall be deemed and held vested in the same municipal corporation *under the organization made by this act*: * * * * nor shall rights or liabilities *be affected by such change?*" Why in the following sections, 108–9–10, do they refer to a former organization, and provide for a change of government from the old incorporation to new ones? We do not

propose to determine whether it was the intention of the legislature to change all prior acts of incorporation so as to conform with the general provisions of this act. The last sections seem to indicate it, while the first sections appear to provide otherwise. In arriving at the intention of the legislature in the passage of this act we are aided somewhat by the provisions of the constitution which had been adopted just previous to such legislation. Section 6, article 1, of the constitution provides, " that all laws of a general nature shall have a uniform operation. The General Assembly shall not grant to any citizen, or class of citizens, privileges or immunities which upon the same terms shall not equally belong to all citizens." Under section 30, article 3, of the constitution, all local or special legislation in reference to the incorporation of cities and towns, was prohibited, and all laws upon this subject are required to be general and of uniform application throughout the State. Confine the provisions of sections 19–27 to new cities and not to those then organized and how can these provisions be reconciled to the terms of the constitution as above stated? Would it be a law of a general character applicable to any city, or of uniform operation throughout the State? The inhabitants of fifty cities incorporated under acts of the legislature prior to this, might be denied the same remedy in our courts of justice that is granted to the inhabitants of fifty cities organized under this act. The population of one portion even of a county, who reside in a city organized under this act, may have the right to pray for relief from the same court which must close its doors against the citizens of another portion of the same county who reside in a city organized prior to the passage of this act. Would this be a law uniform in its operation throughout the State? We hold not. It then follows that if these sections under which plaintiff seeks his remedy applied to new cities alone, this portion of the act would be in contravention of the provisions of the constitution. It is the duty of courts to

uphold the constitutionality of the acts of the legislature if they can properly do so. They should be supported unless their unconstitutionality is so obvious as to admit of no doubt. *State* v. *Cooper*, 5 Blackf. 258; 2 Ib. 107. This rule is so well settled that we need not refer to authorities in support of it.

We are led to conclude that the sections referred to apply to old as well as new cities, not only from the words used in said sections, and for the reasons above stated, but we think that there is an express provision, in section 107 of this act, that grants this remedy to the inhabitants of an old city. After providing for a change in the organization of old cities, to conform with the provisions of this act, it is further provided, "that no right or liabilities either in favor of or against such corporation existing at the time of taking effect of this act, * * * shall in any manner be affected by such change. But the same shall stand or progress the same as if no change had been made, *provided*, that where a different remedy is given by this act, which can properly be made applicable to any right existing at the time of its passage, the same shall be deemed cumulative to the remedies before provided and may be used accordingly." Section 107. Apply this provision to the case at bar. The plaintiff had a right against the city of Mount Pleasant existing at the taking effect of this act; it stood the same as if no change had been made. The plaintiff, had a remedy under the Code of 1851, different from that given by this act. Under sections 643–648 of the Code, they could have had a portion of the city vacated; such remedy could properly be made applicable to the right of plaintiffs existing at the passage of the act of 1858. Then the remedy of plaintiffs under the sections 19–27 is by the provisions of section 107, deemed cumulative to the proceeding under the Code, and may be used accordingly. To what other remedy could the proviso of section 107 more fully apply than the remedy provided for in the sections under consideration.

The second question presented by the demurrer, is that even if the sections under consideration were intended to apply to old as well as new cities, that this portion of the act is void, for the reason that it contravenes that provision of the constitution which requires that every act shall embrace but one subject, which subject shall be expressed in the title, &c. The title of this act is, "An act for the incorporation of cities;" and it is claimed that the subject of legislation in sections 19–27 is different from that expressed in the title of the act.

The provisions of the new constitution upon this subject are different from those of the old; the latter more restrictive than the former. See article 3, section 29, of the new constitution, and article 1, section 26 of the old.

This constitutional difficulty has been fully discussed by this court in the case of *The State* v. *County Judge*, 2 Iowa 280, and settled against the position of counsel for defendant. In the case of *Morford* v. *Unger*, 8 Iowa 83, this question is also considered by this court; and an act of the legislature *enlarging* the city of Muscatine, bearing the title of "an act to amend an act incorporating said city," was held not to contravene this provision of the constitution. The subject of legislation was in that case the enlargement of the city limits, while it was claimed, the title of the act referred to another branch of legislation. The question determined in that case is analagous to the one now under consideration, and the provisions of the new constitution, under which the act of 1858 was passed, are less restrictive than the former.

Reversed.