THE STATE OF NEBRASKA, EX REL. D. J. SELDEN, v. LOUIS BERKA.

1. **Statutes:** AMENDMENTS. In amending an act it may be designated by its title or chapter in the compiled statutes. *Dogge v. The State*, 17 Neb., 140.

2. **Constitutional Law:** JUSTICES OF PEACE IN CITIES OF FIRST CLASS. The provision of section 19, article 6, of the constitution of the state which requires that "all laws relating to courts shall be general and of uniform operation, and the organization, jurisdiction, powers, proceeding and practice of all courts of the same class or grade, so far as regulated by law, and the force and effect of the proceedings, judgments, and decrees of such courts severally shall be uniform," is not violated by the enactment of a law limiting the number of justices of the peace in cities of the first class to three, to be elected in districts to be created by the board of county commissioners of the counties in which such cities are situated.

3. **Uniformity of Laws.** A law, which is general and uniform throughout the state, operating alike upon all persons and localities of a class, or who are brought within the relations and circumstances provided for, is not objectionable as wanting uniformity of operation.

ORIGINAL information in *quo warranto*.

*George W. Doane* and *John W. Lytle*, for relator.

*John C. Cowin* and *A. C. Troup*, for respondent.

REESE, J.

This is an information in the nature of a *quo warranto* filed by relator, who alleged that respondent usurps the office of justice of the peace in the city of Omaha.

Prior to the year 1885, under the provisions of section seven of chapter twenty-six of the Compiled Statutes of 1881, each precinct in the state was entitled to two justices of the peace. Relator held this office in precinct No. 2 of the city of Omaha, and he alleges that at the general election in 1885 he was re-elected to said office for that precinct.

In 1885 the legislature passed an act entitled "An act to amend section 7 of chapter 26 of the Compiled Statutes entitled 'Elections,'" and which act so amended the section as to provide that in cities of the first class but three justices should thereafter be elected, and requiring the county board, in counties containing cities of the first class, to divide such cities into three convenient districts, composed of two or more wards or voting districts, for the purpose of electing three justices therein. It is alleged in respondent's answer that the city of Omaha was so divided by the county board in September, 1885, and that he was elected to the office of justice of the peace in one of the districts so formed, and that in January, 1886, he duly qualified and is now legally holding the office.

The question presented for decision is as to the constitutionality of the act of 1885 referred to, and which may be found in the session laws of 1885, at page 249. If the act is unconstitutional, as claimed by relator, then all proceedings under it are void, and respondent must be held as holding the office without authority of law. But if the act is valid, his authority is unquestioned.

There are three reasons assigned by relator why the act referred to should be held to be unconstitutional.

1. That it does not conform to the requirements of sec-

tion 11 of article 3 of the constitution of this state, which requires that " No bill shall contain more than one subject, which shall be clearly expressed in its title."· As we have said, the title to the' act in 'question is, " An act to amend section 7 of chapter 26 of the Compiled Statutes, entitled, ' Elections.'" It is claimed that as the original act, passed in 1879—Laws 1879, 240—has a title, which is, "An act to provide a general election law, the procedure relative to contested elections, and the filling of vacancies in office," that said title to the original act is so restrictive as to exclude the idea of a division of cities by the county board as provided in the new act. In other words, that the new act goes outside of the subject matter expressed in the title of the original act, to which it is amendatory, and is therefore unconstitutional and void.

However it might be, were the act strictly an amendment of the former act, or were it designed by the legislature as such, yet we think the objection urged cannot be made to apply to it, for the reason that it did not seek to amend the *act* of 1879, but rather the section of the chapter of the Compiled Statutes of 1881. This compilation was made by authority of law, under the provisions of the act of February 26th, 1881—See Comp. Stats. 1881, Ch. 95 —and when made becomes as much the law of this state as though made directly by the legislature itself. It reduced the laws of the state into one compact body, and became its own evidence of the correctness of its contents without " further proof or authentication." It seems therefore competent for the legislature in amending any of its provisions to refer to them as therein contained, without in any way referring to the original acts of which it was composed. This question was before this court in *Dogge v. The State*, 17 Neb., 140, and it was there held, as stated in the syllabus and opinion written by the present Chief Justice, that " In amending an act it may be designated by its title or chapter in the Compiled Statutes." We adhere to the rule there stated.

2. It is next contended that the act in question is in violation of section nineteen of article six of the constitution. This section is as follows: " All laws relating to courts shall be general and of uniform operation, and the organization, jurisdiction, powers, proceedings, and practice of all courts of the same class or grade, so far as regulated by law, and the force and effect of the proceedings, judgments, and decrees of such courts severally shall be uniform." It is said that " if these provisions have any force or signification, it is that all laws providing for the organization of of justices and the election of justices thereto shall be of uniform operation throughout the state * * * that justices' courts cannot be organized upon one basis in one part of the state, and upon another and different basis in other parts."

We cannot give to the section referred to the construction contended for.

It is provided in section eighteen of the same article that "justices of the peace and police magistrates shall be elected in and for such districts, and have and exercise such jurisdiction as may be provided by law." Now, referring to section nineteen again, it cannot be contended that any change is made by the new act in the " organization " of justice courts. Those in the city of Omaha are organized just as justice courts in other parts of the state. These courts are informal in their organization, but so far as any formality may extend it is the same. There is no change in their " jurisdiction," their " powers," their " proceedings and practice," nor in the force and effect of their " proceedings, judgments, and decrees." The only element in this section which requires our attention is the first clause, which requires that " all laws relating to courts shall be general, and of uniform operation."

We are unable to detect any distinction in principle between a constitutional provision which requires all laws to be of uniform operation, and one which is limited to a par-

ticular department of legislation, or a particular character of laws. Upon this point it seems to be settled that if a law is general and uniform throughout the state, operating alike upon all persons and localities of a class, or who are brought within the relations and circumstances provided for, it is not objectionable as wanting uniformity of operation. *McAunick v. R. R. Co.*, 20 Iowa, 338. *Haskell v. City of Burlington*, 30 Id., 232. *R. R. Co. v. Soper*, 39 Id., 112. *State v. Graham*, 16 Neb., 76. Cooley Const. Lim., sec. 390. The same rule being applicable to the clause in question, it must be decisive as to the objection made.

We think, however, that there may be serious doubts as to the applicability of the provision quoted to the case at bar. It would seem that the general scope of the provision refers more directly to courts, their organization, jurisdiction, powers, proceedings, and practice as such, than to the methods of selecting the persons whose duties it shall be to exercise the functions of courts; but as that question does not necessarily arise, it need not be discussed.

3. The contention that the act is special in its applications and results, and that the election of the justices provided for would in effect be a special election, and that therefore the provisions of section fifteen of article three of the constitution is violated, has been sufficiently noticed in the foregoing, and, we think, may be dismissed without further discussion.

We are unable to hold that the act of 1885 is unconstitutional. The information of relator must therefore be dismissed.

JUDGMENT ACCORDINGLY.

The other judges concur.