RICHARD H. PEARD ET AL. V. STATE, EX REL. JOHN HUERING.

[FILED MARCH 30, 1892.]

1. **Elections:** DISTRICTING COUNTY: DISFRANCHISEMENT. It is not within the power of the board of county commissioners to disfranchise legal voters by subdividing a county for election purposes in such manner as to leave them without any opportunity to participate in the election of county officers.

2. ———: VOTING OUTSIDE OF DISTRICT.  The third commissioner
district of H. county includes a part of the Third ward of
the city of A.  Said district was subdivided for election pur-
poses in such manner that the voters thereof who reside within
said Third ward could not vote within said district, the only
voting place for said Third ward being outside thereof.  At the
general election of 1891 certain residents of said commissioner
district, and also of the Third ward aforesaid, and who were
legal voters of said district, voted at the voting place of said
ward for the respondent for commissioner of said third district.
It being admitted that said votes were all cast by legal voters
of the said commissioner district at the only voting place pro-
vided for them, and that said election was in all respects fairly
conducted.  *Held*, That the voting by said electors outside of the
commissioner district, is a mere irregularity not affecting the
merits of the case, and their votes should be counted as cast.

ERROR to the district court for Hamilton county.  Tried
below before BATES, J.

*Whitmore & Carr*, and *A. W. Agee*, for plaintiffs in error,
cited, as to the validity of the votes: Cooley, Const. Lim.,
599, 616, 618; *People v. Maynard*, 15 Mich., 463; *Lan-
ning v. Carpenter*, 20 N. Y., 447; *Dobson v. Dobson*, 7
Neb., 296; *Parker v. Kuhn*, 19 Id., 396; *State v. Leavitt*,
33 Id., 285; *Ft. Dodge v. Dist. Twp.*, 17 Ia., 85; *Barry
v. Lauck*, 5 Cold. [Tenn.], 588; *Foster v. Scarff*, 15 O. St.,
532; *People v. Salomon*, 46 Ill., 415.

POST, J.

This is a *mandamus* proceeding begun in the district
court of Hamilton county by the relator, John W. Huering,
against the respondents, Richard H. Peard, county clerk of
said county, L. W. Shuman, his deputy, John O. Fergu-
son, Jr., Chas. P. Whiteside, and Oscar D. Shankland.
The material facts, according to the stipulation of counsel,
are as follows:

Hamilton county is divided into three commissioner dis-
tricts, numbered the first, second, and third districts.  The

third district aforesaid includes within its boundaries a part of the city of Aurora, which is a city of the second class, having less than 5,000 inhabitants. Said city is divided into three wards, numbered the first, second, and third. Prior to the general election in 1891 the third commissioner district had been subdivided, for election purposes, in such manner as to leave a fraction thereof attached to a voting district outside of said commissioner district; that is, the commissioner district in question was so formed as to include a fraction of the Third ward of the city, but without making any provision for the electors of such portion to vote within the said commissioner district. The relator and the respondent Shankland were opposing candidates for the office of commissioner for said district at said election. There were cast for the relator at the polling places within said commissioner district 256 votes, and for the said respondent therein 255 votes. There were cast for respondent, in addition thereto, five votes by electors whose names are set out in the pleadings, who are admitted to be residents and electors of said district and entitled to vote for said office, except for the reason that they reside in that part of said district which is attached to a voting district outside thereof for election purposes as aforesaid. The polling place at which said five votes were cast, although outside of said commissioner district, is within the Third ward of the said city, and the only place at which such electors could lawfully vote at said election. The five votes in question were counted by the other respondents, who comprised the canvassing board for said county, in favor of the said Shankland, and a certificate of election was accordingly issued to him.

On a hearing by the district court there was a finding and judgment for the relator and peremptory *mandamus* allowed requiring the respondent Shankland to deliver up and surrender to the county clerk aforesaid his certificate of election, and requiring the canvassing board to recanvass

the vote for said commissioner district and declare the relator elected commissioner thereof.   Upon the entering of the judgment aforesaid the case was removed to this court by petition in error.   Since the case must be disposed of upon its merits we deem it unnecessary to discuss any of the other questions argued.   The right to vote for and be represented by county and state officers being a constitutional right, it cannot be taken away or destroyed. (McCrary on Elections, 13; Paine on Elections, 331; Cooley on Constitutional Limitations, 616.)

It has been held that a law creating a new county, leaving a part of its territory unorganized so that the voters within such portion could not participate in the election of county officers, was inoperative and void. (*People v. Maynard*, 15 Mich., 463; *Lanning v. Carpenter*, 20 N. Y., 447.)

In discussing the question of the right of a contestant to have votes counted in his favor which are found in the wrong ballot box, in those states where provision is made for separate boxes for state and county offices and members of congress, Judge McCrary holds, sections 197 and 198, that ballots should not be rejected simply because they may have been deposited in the wrong box.   He concedes, however, that the presumption is against their validity, and that the party seeking to have such ballots counted should be required to show affirmatively that they were fairly and honestly cast by legal voters.   *People v. Bates,* 11 Mich., 362, fully sustains the rule as stated above.

This case is clearly within the reasoning of these authorities.   We will concede that in the absence of proof that the five votes in this case were cast by qualified voters of the third commissioner district, they would be presumptively void and should be rejected.   We are, however, relieved of any such embarrassment since it is admitted that the votes in question were all cast by legal voters of the district.   It has been repeatedly decided in this country

that electors cannot be residents of one representative district and legal voters of another. And statutes which seek to confer upon residents of a legislative district the right to participate in the choice of representatives for another district have been declared void. (*People v. Holihan*, 29 Mich., 116; 6 Am. & Eng. Encyc. of Law, 351, and note.) This case is obviously different in principle from any of the cases reported in which votes have been rejected on account of the residence of the voters. The voting at the polling place outside the commissioner district is at most an irregularity not affecting the merits of the case. To reject the votes now would be not only to disfranchise the voters, but to defeat the will of the majority fairly and honestly expressed. The court will hesitate before adopting a construction which will be attended by such consequences. The rule may be said to be well settled that courts will not disfranchise voters when the election was fair, and the result free from doubt, unless compelled to do so by the peremptory requirements of the law. (6 Am. & Eng. Encyc. of Law, 325, and note.) The judgment of the district court will be reversed and the action dismissed.

REVERSED AND DISMISSED.

THE other judges concur.