472          NEBRASKA REPORTS.          [VOL. 78

Nebraska Central Building & Loan Ass'n v. Board of Equalization.

---

NEBRASKA CENTRAL BUILDING AND LOAN ASSOCIATION, APPELLEE, V. BOARD OF EQUALIZATION OF LANCASTER COUNTY, APPELLANT.*

FILED MARCH 7, 1907. No. 14,736.

1. Constitutional Law: REVENUE ACT. Section 13, ch. 17, laws 1899, which provides the manner in which and by whom the shares of building and loan associations shall be listed for assessment, is not unconstitutional, and was not repealed by the provisions of the revenue law of 1903.

2. Taxation: BUILDING AND LOAN ASSOCIATIONS. Such associations should be assessed in the manner indicated by that section, and an assessment of the amount of the mortgages taken to the association, which the assessor assumes are unpaid, cannot be upheld.

APPEAL from the district court for Lancaster county: ALBERT J. CORNISH, JUDGE. Affirmed.

J. L. Caldwell, F. M. Tyrrell and C. E. Matson, for appellant.

Field, Ricketts & Ricketts, contra.

* Rehearing denied. See opinion, p. 478, post.

BARNES, J.

The Nebraska Central Building and Loan Association, the appellee in this case, is a corporation organized under the provisions of chapter 17, laws 1899, having its principal office and place of business in Lancaster county. It appears that in the spring of 1905 the county assessor of that county found, from an examination of the records, that the association had real estate mortgages of record therein amounting, according to the face value, to $170,587. He also found from his assessment rolls that residents of that county had returned shares for assessment in some building and loan association, to the amount of $26,000. He thereupon assumed that such shares should be credited to said mortgages. He further found that a portion of these mortgages had been paid, leaving what he assumed to be an unpaid balance thereon of $100,000. He, thereupon, assessed the association the sum of $20,000 there for. The association objected to the assessment so mai' , and filed its petition with the county board of equalization, praying that it be set aside. The board overruled the objections, and confirmed the assessment. The association, thereupon, appealed to the district court where, after a hearing, judgment was rendered in its favor, the assessment was held to be null and void, and the county clerk was ordered to strike the same from the assessment roll. From that judgment the board of equalization has appealed to this court.

It appears that the district court held that the association should have been assessed according to the provisions of section 13, ch. 17, laws 1899, and it is conceded that, if that section is valid, then the judgment of the trial court must be affirmed. The appellant contends, however, that the section above mentioned is unconstitutional, because the act is broader than its title. Section 11, art. III of the constitution, provides, among other things: "No bill shall contain more than one subject, and the sam shall be clearly expressed in its title." This provision of

474 NEBRASKA REPORTS. [VOL. 78

Nebraska Central Building & Loan Ass'n v. Board of Equalization.

the constitution has usually been held to be mandatory; but it has also received a most liberal construction. Indeed, there has been a general disposition to so construe it, rather than to embarrass legislation by a construction whose strictness is unnecessary to the accomplishment of the beneficial purposes for which it has been adopted. Cooley, Constitutional Limitations (7th ed.), p. 209. The title to the chapter in question contains a general statement that it is "An act to provide for the organization, government, regulation, examination, reporting, and reorganizing or winding up of the business of * * * 'Building and Loan Associations' "; and the section under consideration provides: "Such associations shall not be subject to taxation on their capital stock, nor on their loans, advances on mortgages, but shares in said associations shall, for the purpose of taxation, be considered and held as credits, and members and holders of such shares shall list the same for taxation, and the same shall be taxed in such manner and subject to such deductions as may be provided by law for the taxation of other credits." By the adoption of this section the legislature has provided the manner in which and by whom the shares of such associations shall be listed for taxation. It appears that the act of 1899 was a reenactment of a similar law passed by the legislative assembly of 1891, with some unimportant amendments, and section 13 was a part of the act of 1891, and was known as section 8 of that act. It is an important fact that prior to the original act there were no building and loan associations in this state, and the general revenue law of 1879 contained no provision for the taxation of such associations. So, section 8 of the old act was a proper subject for legislative action, and was germane to the general subject of the organization and regulation of building and loan associations. It was held in *People v. Mahaney,* 13 Mich. 481, that the title of "An act to establish a police government for the city of Detroit," was not objectionable for its generality, and that the matters properly connected with the establishment

and efficiency of such a government, including taxation for its support, and courts for the examination and trial of offenders, might constitutionally be included in the bill under its general title.    It was there said: "The police government of a city could not be organized without a distinct act for each specific duty to be devolved upon it, and these could not be passed until a multitude of other statutes had taken the same duties from other officers before performing them.    And these several statutes, fragmentary as they must necessarily be, would often fail of the intended effect, from the inherent difficulty of expressing the legislative will when restricted to such narrow bounds."    In *People v. McCallum*, 1 Neb. 182, the court expressed itself as follows: "It is not required that the title should contain an abstract of the bill, nor set out the particulars of the amendment.    Whether this requirement of the constitution is designed as a rule for the government of the legislature, an observance of which is enjoined by a sense of duty and the official oath of each member, and not subject to any supervisory power of the courts,   *   *   *   it is unnecessary to stop to inquire.    The constitution not having fixed the degree of particularity, with which a title is to express the subject, it is enough that the legislature, with this provision before them, have selected their own title, and although we might not agree upon it as the most suitable or comprehensive, the act for that reason is not to be declared void."    In *State v. Bemis*, 45 Neb. 724, the constitutional provision here interposed was discussed, and it was there said: "The test is not whether the title chosen is the most appropriate, but whether it fairly indicates the scope and purpose of the act.   *   *   *   Authority to remove unfaithful officers is a proper if not a necessary incident of municipal government, and the provision therefor is obviously within the title of the act, 'defining, regulating and prescribing the duties and powers and government of cities of the metropolitan class.' "    To the same effect are *Whiting & Whiting v. City of Mount Pleasant*,

11 Ia. 482, and *State v. County Judge of Davis County,* 2 Ia. 280. As before stated, section 13 merely provides how the funds of the association shall be regarded, and by whom its shares shall be listed and returned for the purpose of taxation; while it leaves the manner of such taxation to be further provided for by other laws upon that subject. So we are of opinion, in view of the fact that when this section was first enacted the general revenue law contained no provision for the taxation of building and loan associations, that subject was rightfully made a part of the act creating and governing them.

It is further contended that the section in question is class legislation, and is void for that reason. It has often been held that a law which applies to a particular class of persons or corporations, and operates generally and uniformly throughout the state, is not within the prohibition of section 15, art. III of the constitution. The act in question applies to all building and loan associations as a class, and operates generally and uniformly as to such associations. Such laws have uniformly been upheld by the courts. *State v. Berka,* 20 Neb. 375; *State v. Graham,* 16 Neb. 74; *Van Horn v. State,* 46 Neb. 62. It is said, however, that the legislature may not, arbitrarily and without reason, create a class to be affected by legislation, where the result would be an infringement upon the constitutional prohibition. This raises the question: Are corporations, known as building and loan associations, arbitrarily and without reason, placed in a class by themselves for the purpose of taxation by the act in question? To answer this question it is proper to point out some of the distinctive features of such associations. It appears that they may commence business upon the approval of their articles of incorporation, constitution and by-laws, without any capital. This privilege is not accorded to any other class of corporations. They are not required to have any fixed capital stock. Their stockholders may withdraw from the association after 90 days on 30 days' notice. In fact, such associations have no

capital stock, in the proper sense of the word. There is no uniformity in the face value of the shares of such an association. Members pay on their shares by monthly instalments, so that every share may represent a different actual value. The face value of shares issued by such an association will amount to many times the money paid to the association thereon. The foregoing illustration would seem to give such associations a distinctive character, and not only warrant, but require, them to be placed in a class by themselves for the purpose of listing their property for taxation. So, it seems clear that this contention cannot be sustained.

It is also contended that the section in question is void, because it amended the revenue law of 1879. As before stated, that law contained no provision for taxing building and loan associations, for the most excellent reason that no such association existed in this state at the time it was enacted. So the legislature, when it provided for the organization and government of building and loan associations, deemed it necessary to provide the manner of listing their property for taxation.

Lastly, it is contended that the revenue law of 1903 repealed section 13 of the law relating to building and loan associations, and that such associations should be assessed according to the provisions of section 56 of said revenue law (laws 1903, ch. 73). An examination of that section will show that building and loan associations are not specifically mentioned therein, and, indeed, it requires a great stretch of imagination to hold that they are included even by implication within its provisions. On the other hand, the record in this case discloses that, when the present revenue act was before the legislature for passage, section 56 originally contained the words "building and loan"; and, when the bill was under consideration in the committee of the whole, it was considered that the provisions of that section should not be applied to such associations. And, in view of the fact that section 13, ch. 17, laws 1899, contained a specific method for assessing the shares of

such associations, the words "building and loan" were stricken from the act, and, thus, the legislature evinced its approval of the method of assessment provided for as aforesaid, and its determination not to include such associations within the terms of the act then under consideration. Indeed, the section in question has been in force since 1891, a period of more than 15 years, and all departments of the state have acquiesced in its provisions. Such contemporaneous construction is entitled to great weight in the determination of this question. If this manner of assessment is unfair and lacks exact uniformity, as claimed by appellant, that is a matter to be addressed to the consideration of the legislature, and cannot be corrected by the courts.

Appellant further attempts to justify the assessment on the ground that the association failed to furnish the assessor a list of all of its members, their places of residence, and the number and value of the shares owned by each of them. The law does not seem to specifically require such information, and, even if it did, a failure to do so would hardly justify an assessment like the one in question herein. Indeed, we cannot understand how it can be upheld on any ground.

For the foregoing reasons, the judgment of the district court is hereby

AFFIRMED.

The following opinion on motion for rehearing was filed May 10, 1907. *Rehearing denied:*

SEDGWICK, C. J.

In the brief upon the motion for rehearing it is contended that the decision in this case will permit shareholders in building and loan associations to offset general indebtedness against the net values of their shares. This is not the intention of the opinion. The point decided is that building and loan associations are not to be assessed upon their mortgages, but that the assessment is to be

made upon the shares and against the owners thereof. We are satisfied that the holding upon this point is correct. It is true that section 13, ch. 17, laws 1899, which is referred to in the opinion, provides that the shares in such associations "shall, for the purpose of taxation, be considered and held as credits." But the revenue law of 1903 classifies credits for the purpose of taxation, and provides that credits that represent moneys in bank, loans, or moneys invested, are to be assessed without off-set of indebtedness. If money paid upon stock in building and loan associations is to be considered as money invested, it would fall within the class of credits that are not subject to offset of general indebtedness. The net value of such shares of stock can be easily ascertained from the books of the association, and there is no reason for concluding that shareholders would necessarily evade taxation upon the values of their shares.

We think our former decision is right, and the motion for rehearing is

OVERRULED.