STATE, EX REL. L. N. BUNCE, APPELLANT, V. CHARLES H. KUBAT ET AL., APPELLEES.

FILED MAY 15, 1923. No. 23291.

1. **Justice of the Peace.** Sections 1, 18, and 19, art. V of the Con-

stitution, authorize the legislature to provide for the election of justices of the peace within such districts, for such term, and to have and exercise such uniform jurisdiction, as the legislature may provide by law, and the legislature is further authorized to substitute other courts for justices of the peace within said districts.

2. ———: DISTRICTS. Section 202, Comp. St. 1922, apportions the state into justice of the peace districts with uniform jurisdiction, and therefore does not violate section 19, art. V of the Constitution.

3. ———: MUNICIPAL COURTS. Sections 1915 and 1916, Comp. St. 1922, substitute the municipal court for that of justice of the peace in districts having a metropolitan city, within the meaning of section 1, art. V of the Constitution.

APPEAL from the the district court for Douglas county: WILLIAM A. REDICK, JUDGE. Affirmed.

Joseph O. Burger, for appellant.

W. W. Slabaugh and Henry Beal, contra.

Heard before MORRISSEY, C. J., ROSE, ALDRICH and GOOD, JJ., BEGLEY, District Judge.

BEGLEY, District Judge.

Action in mandamus to compel the county commissioners of Douglas county to approve a hold-over bond of relator as justice of the peace. Relator was the duly elected and qualified justice of the peace of district No. 16, Douglas county, Nebraska, for the term of two years ending on January 4, 1923. In 1921 a statute was enacted providing that, in each justice of the peace district in which there was located a city of the metropolitan class, "municipal courts, as heretofore or hereafter established, are hereby substituted by law for the justice of the peace within such district." Said act was not to take effect until after the term of office of the present incumbents should have expired, which would be on the first Thursday after the first Tuesday in January, 1923. Sections 1915, 1916, Comp. St. 1922. By reason of these provisions no election was held for justice of the peace in district No. 16, and relator contends that said sections, together with section 202, are unconstitutional and void as

being in conflict with section 19, art. V of the Constitution, and he is entitled to qualify and hold over. A demurrer was sustained to the alternative writ, and, relator refusing to plead further, the action was dis· missed and relator has appealed.

The first question presented is as to the limitation placed on the legislature under the provisions of article V of the Constitution. Section 1 provides:

"The judicial power of the state shall be vested in a supreme court, district courts, county courts, justices of the peace, and such other courts inferior to the supreme court as may be created by law; but other courts may be substituted by law for justices of the peace within such districts, and with such additional civil and criminal jurisdiction as may be provided by law."

Section 18, provides: "Justices of the peace shall be elected in and for such districts for such term and have and exercise such jurisdiction as may be provided by law."

Section 19 provides: "The organization, jurisdiction, powers, proceedings, and practice of all courts of the same class or grade, so far as regulated by law, and the force and effect of the proceedings, judgments and decrees of such courts, severally, shall be uniform."

These sections were adopted in 1920 as amendments to the Constitution of 1875. Formerly the Constitution contained no provision for substituting other courts for justices of the peace, and the legislature had attempted to establish municipal courts with exclusive jurisdiction within the limits of counties over all civil matters up to $1,000. This court held that the legislature had no such authority under the Constitution. *State v. Magney*, 52 Neb. 508. It was the purpose of the framers of these amendments to the Constitution to broaden the constitutional provision to permit such legislation. To carry out the intent and purpose of the several sections, it is necessary to harmonize them, if possible, and, if found inconsistent, then section 1, being a special provision for

substitution of justice courts, must prevail over section 19, containing a general provision for uniformity. The sections, when read together, authorize the legislature to provide for the election of justices of the peace within such districts, for such terms and to have and exercise such jurisdiction as the legislature may desire; said jurisdiction and powers, however, to be uniform; and the legislature is further authorized to substitute other courts for justices of the peace within said districts. This, then, calls for an examination of two questions: (1) Did the legislature apportion justice of the peace districts throughout the state with uniform jurisdiction? (2) If so, did the legislature thereafter legally substitute a municipal court for the justice of the peace court in district No. 16?

The assault made on the uniformity of justice of peace districts apportioned under section 202, Comp. St. 1922, is that counties are adopted as a political unit of dividing the state into justice districts, except Douglas county, wherein two districts are created. Each justice in 92 districts has jurisdiction over his entire county, whereas the justice in district No. 16 is limited to Omaha and district No. 15 is limited to territory outside of Omaha in Douglas county. Relator cites *State v. Magney,* 52 Neb. 508, and *People v. Meech,* 101 Ill. 200, to support this proposition. These cases would apply were it not for the increased grant of power under the constitutional amendments. The power to substitute other courts for justice of the peace districts necessarily presupposes the right to apportion such districts territorially so as to permit such substitution. The legislature in apportioning the districts had in view the distinction between the administration of justice in a metropolitan city and in outside districts, and by making the territorial jurisdiction of district No. 16 coextensive with the city of Omaha they provided that the laws of the state should be administered by a justice of the peace within the city, not as a mark of distinction or difference as to that dis-

trict, but for the convenience of the people within the district. This did not violate the rule as to uniformity. Each justice of the peace exercised the same powers and jurisdiction within his district as every other justice. "If a law is general and uniform throughout the state, operating alike upon all persons and localities of a class, or who are brought within the relations and circumstances provided for, it is not objectionable as wanting uniformity of operation." *State v. Berka,* 20 Neb. 375.

This brings us to the second question. Had the legislature, after apportioning the justice of the peace districts, passed a special act substituting a municipal court for the justice of the peace court in district No. 16, no question could have been raised as to the constitutionality of the act, but relator's complaint is that the legislature attempted to make a general substitution of all municipal courts, with a jurisdiction limited to the boundaries of metropolitan cities, for justice of the peace courts with different territorial limits. It will be noted the law provides for two kinds of substitution—one of courts heretofore established, and another of courts hereafter to be established. It is not necessary to decide as to the validity of the provision relating to courts hereafter to be established, as this feature of the act has no application to the present case, and, as the remainder is a completed act, it will be disregarded. *Redell v. Moores,* 63 Neb. 219. The only municipal court heretofore established was the municipal court within the city of Omaha, and its territorial limits were coextensive with the limits of district No. 16. By substituting the municipal court for the justice of the peace court in Omaha, the legislature was merely carrying out the purpose of the constitutional amendments by adopting a scheme of local government for the city of Omaha, whereby the ordinances of the city and laws of the state might be enforced through one court, thereby abolishing the offices of justice of the peace and police magistrate within the city and providing an adequate system of pro-

cedure to carry out the plan arranged for. The legislature having first apportioned the state into justice of the peace districts with uniform jurisdiction, and then having established municipal courts in cities of the metropolitan class, with powers of the justice of the peace court and with the territorial limits equal to a justice of the peace in district No. 16, and having thereafter substituted the municipal court for justice of the peace court in district No. 16, the office of justice of the peace in district No. 16 was abolished and the relator was not entitled to hold over as justice of the peace within said district.

The judgment of the district court in sustaining the demurrer is therefore

AFFIRMED.