STATE, EX REL. WILLIAM H. WRIGHT, ATTORNEY GENERAL, APPELLEE, V. WILLIAM O. BROWN, APPELLANT.

FILED JUNE 12, 1936.   No. 29850.

*James A. Brown, William O. Brown, Robert A. Nelson, Willis R. Hecht, Bruce Fullerton* and *Frank Barrett,* for appellant.

*William H. Wright, Attorney General, Daniel Stubbs* and *Lester A. Danielson, contra.*

*Joseph Ginsburg, Arthur Whitworth, Edward Fisher, J. Lee Rankin* and *J. P. O'Gara, amici curiæ.*

Heard before GOSS, C. J., ROSE, GOOD, DAY and CARTER, JJ., and KROGER and IRWIN, District Judges.

DAY, J.

This is an action in *quo warranto* brought by William H. Wright, attorney general, to oust the defendant from the office of justice of the peace for Lancaster precinct,

which is located within the tenth justice of the peace district of Nebraska. This action is based upon chapter 59, Laws 1935, effective January 1, 1936, which provides that in each justice of the peace district in which there is located a city of the first class, having a population of not less than 40,000 nor more than 100,000, municipal courts, as heretofore established, are substituted by law for the justice of the peace courts within such districts. The tenth justice of the peace district of Nebraska is coextensive with Lancaster county, and there is located in the district the city of Lincoln, in which there was established a municipal court, so that the tenth justice of the peace district comes within the contemplation of the law. The answer of the defendant admits this situation, but asserts that the law is invalid because it transgresses several provisions of the state Constitution. This case was tried in the district court for Lancaster county before Judges E. B. Chappell, J. H. Broady, and Lincoln Frost. The district court held that House Roll 166 (Laws 1935, ch. 59) was a valid, constitutional enactment, and allowed the writ of *quo warranto* to issue, ordering the defendant to transfer his dockets and records to the municipal court of the city of Lincoln forthwith.

The statute applies only to the tenth justice of the peace district, the territory of which is coextensive with Lancaster county. Lancaster precinct is a political subdivision of Lancaster county outside of the territorial limits of the city of Lincoln. The municipal court of the city of Lincoln, which was substituted for justice of the peace courts in the tenth district, has a judge elected by the electors of the city of Lincoln. By the act, the municipal court of Lincoln was substituted for all justices of the peace in the district.

Section 32-217, Comp. St. 1929, originally provided: "In each justice of the peace district in which there is located a city of the metropolitan class, or a city of the first class having a population of not less than forty thousand (40,000) nor more than one hundred thousand

(100,000), municipal courts, as heretofore or hereafter established, are hereby substituted by law for the justice of the peace and police judge within such cities. Provided, this act shall not be construed to substitute municipal courts for justices of the peace outside said cities in said justice of the peace district."

Chapter 59, Laws 1935, amended this section to read as follows: "In each justice of the peace district in which there is located a city of the metropolitan class, or a city of the first class having a population of not less than forty thousand (40,000) nor more than one hundred thousand (100,000), municipal courts, as heretofore or hereafter established, are hereby substituted by law for the justice of the peace and police judge within such justice of the peace districts. Provided this act shall not take effect until January 1, 1936."

The situation is unique in that the municipal court of the city of Lincoln is substituted for justices of the peace for territory outside the city limits. The municipal court in the city of Lincoln had jurisdiction coextensive with Lancaster county. Comp. St. 1929, sec. 22-201. The judge of the court is elected by the voters within the city. In order to be eligible for the office, he must have resided within the city for a period of five years.

The power of the legislature to enact chapter 59, Laws 1935, must rest upon section 1, art. V of the Constitution of the state of Nebraska: "The judicial power of the state shall be vested in a supreme court, district courts, county courts, justices of the peace, and such other courts inferior to the supreme court as may be created by law; *but other courts may be substituted by law for justices of the peace within such districts, and with such additional civil and criminal jurisdiction as may be provided by law.*" (Italics ours, to indicate the amendment of 1920.) Prior to 1920, the legislature did not have the power to substitute another court for a justice court. In *State v. Kubat,* 110 Neb. 362, 193 N. W. 754, this court stated: "Formerly the Constitution contained no pro-

vision for substituting other courts for justices of the peace, and the legislature had attempted to establish municipal courts with exclusive jurisdiction within the limits of counties over all civil matters up to $1,000. This court held that the legislature had no such authority under the Constitution. *State v. Magney,* 52 Neb. 508."

A justice of the peace is a constitutional officer, and legislative action relative thereto is limited by the Constitution. See *Conroy v. Hallowell,* 94 Neb. 794, 144 N. W. 895, which holds that a county judge is a constitutional officer. The same reasons apply to a justice of the peace.

The legislative action exercised in this instance must rest upon the constitutional provision above set out "but other courts may be substituted by law for justices of the peace within such districts." The legislature substituted another court for justice of the peace in the tenth district. They substituted the municipal court of Lincoln. The legislature had already conferred jurisdiction over the entire district upon the municipal court of Lincoln. In *State v. Kubat, supra,* it was held that the municipal court could be substituted for justice of the peace courts within the district. The situation in that case was different in some respects from this, because there the municipal court of Omaha was substituted for justices of the peace within the sixteenth district, the territory of which was coextensive with the city of Omaha. But it is authority for the rule that a municipal court may be substituted by law for justices of the peace within such districts. Const. art. V, sec. 1.

The legislative action is questioned for the reason that the electors of the justice of the peace district No. 10 residing outside the city of Lincoln are not permitted by law to vote for the judge of the municipal court of the city of Lincoln. It is urged that electors have a constitutional right to vote that is accorded other electors of the territory from or for which such officer is elected.

This argument is based upon section 22, art. I of the Constitution, which is: "All elections shall be free; and

there shall be no hindrance or impediment to the right of a qualified voter to exercise the elective franchise." Section 1, art. VI, provides: "Every citizen of the United States, who has attained the age of twenty-one years, and has resided within the state for six months and within the county and voting precinct for the term provided by law, shall be an elector."

Is the constitutional right of citizens to vote impeded or hindered by this statute? The relator asserts that no right is violated and cites three cases to support his contention. In *State v. Hanson*, 80 Neb. 724, 115 N. W. 294, the question arose relative to a statute providing for the election of officers of a drainage district. It was provided that only landowners in the district could vote and should have one vote for each acre of land. It was held that the last-cited provision of the Constitution does not apply to an election of officers for a drainage district. "The formation of the district is not for the purpose of government, but for the purpose of constructing a public improvement, after the proper governmental body has determined that the same would be of public utility." *State v. Hanson*, 80 Neb. 738, 746, 117 N. W. 412.

The only other Nebraska case called to our attention is *State v. Cones*, 15 Neb. 444, 19 N. W. 682, which discusses the right of women to vote at school district elections. In answer to the argument that the Constitution did not confer the legislative franchise upon women, and that, therefore, the legislature lacked power to permit them to vote at school elections, the opinion stated that the provisions in regard to elections were not intended to apply to school districts.

The last case cited by relator, *Page v. Millerton*, 114 Ia. 478, 86 N. W. 440, discusses the power of the legislature to establish city courts and confer on them concurrent jurisdiction with the district and circuit courts. This legislative act required persons residing outside the city in which said court was established, but within the district, to submit to its jurisdiction. This was held not

to violate the provisions of the Iowa Constitution requiring all laws to be of uniform operation and requiring that the right of trial by jury shall remain inviolate. It appears that the rules announced in these cases are not applicable to the situation presented here, or that the questions actually decided, are not identical with those presented here.

In *State v. Moorhead*, 99 Neb. 527, 156 N. W. 1067, it was held that our Constitution (art. I, sec. 1) requires that every voter shall as far as practicable have an equal voice in the affairs of government. Certainly, a provision that the city of Lincoln shall provide a court to be substituted for justice of the peace courts in all the territory of Lancaster county is not giving the people outside the city an equal voice in the affairs of government. At the same time, it requires the city of Lincoln to furnish courts for the entire county, a burden not to be overlooked.

In *Peard v. State*, 34 Neb. 372, 51 N. W. 828, it was held (opinion by Post, J.) : "It is not within the power of the board of county commissioners to disfranchise legal voters by subdividing a county for election purposes in such manner as to leave them without an opportunity to participate in the election of county officers."

In *State v. Reilly*, 94 Neb. 232, 142 N. W. 923, is a discussion of the jurisdiction of courts. It was urged that the legislature had extended the jurisdiction of the police magistrates three miles beyond the city limits, and thus created a district court. The court regarded this as a curious question unnecessary of determination, but stated : "If the legislature could create a judicial district without reference to the present judicial districts, providing a judge for the district, with jurisdiction not superior to the present district courts, and attempted to do so without giving all the voters of the district a voice in his election, such legislation would probably be invalid."

It has been held : "A statute creating court and limiting election of judge to electors of cities in which court was

to sit, while excluding electors of territory outside of cities, but within jurisdiction of court, *held* unconstitutional." *State v. Sande*, 238 N. W. 504 (205 Wis. 495).

Most of the cases are not directly in point, but by analogy some of them are helpful. It is unthinkable that under our constitutional provisions the election of a judge for Lancaster county (justice of the peace district No. 10) should be limited to the electors of the city of Lincoln, to the exclusion of the electors of the balance of the territory within the jurisdiction. If the legislature can enact a valid law to accomplish this purpose, it may change the justice of the peace districts and substitute the municipal court of Lincoln over a larger territory, including many counties in the state. This is not to say that judges must be elected. But if elected, they must be elected by all the electors of their district. The plan of electing officers by a part of the electors of the district has certainly been condemned. It was argued that the electors of the state did not have a right to vote for all the judges of the supreme court. Each district elects one judge, and each has equal rights in the selection of the court.

Every section of the Constitution must be construed with every other, and the provision that the legislature may substitute other courts for justice of the peace courts must be construed in connection with the last two sections discussed. So construed, it provides that the legislature may substitute municipal courts for justice of the peace courts within its territorial limits. It is urged that the municipal court of Lincoln has jurisdiction over the entire district. That question, though still debatable, is not presented here. But the territorial limits for which the court is elected does not include the entire district. It is also suggested that justices of the peace have jurisdiction over the entire district. However, their court is established in the district for which they are elected and sit. The mere fact that they may send process outside of their precinct is not conformable to the situation.

The writ should not have issued. The judgment is accordingly reversed, and the cause dismissed.

REVERSED AND DISMISSED.