REQUESTED BY: Senator Chris Beutler Member of the Legislature State Capitol Lincoln, NE 68509
Dear Senator Beutler:
You have asked for a legal opinion as to whether Neb.Rev.Stat. § 24-516 (Reissue 1979) may constitutionally be amended to provide that the Chief Justice may assign a county judge from a different district or a municipal courtjudge to temporarily perform duties in a county court when in his opinion such assignment would be beneficial to the administration of justice.
As you know, the statute now provides for the assignment of a county judge from a different district and the change about which you ask would be the addition as to a municipal court judge.
We are writing this answer on the assumption that you are requesting this information in connection with proposed legislation to be reviewed by the Legislature.
Article V, Section 1 of the Constitution of Nebraska provides, in part, that `The judicial power of the state shall be vested in a Supreme Court, district courts, county courts, in and for each county, with one or more judges for each county, or with one judge for two or more counties, as the Legislature shall provide, and such other courts inferior to the Supreme Court as may be created by law.'
Article V, Section 19 of the Constitution of Nebraska provides, `The organization, jurisdiction, powers, proceedings, and practice of all courts of the same class or grade, so far as regulated by law and the force and effect of the proceedings, judgments, and decrees of such courts, severally, shall be uniform.'
While we have not been able to find a case containing the same circumstances as the question here involved, the Supreme Court of Nebraska has construed Article V, Section 9, in connection with the substitution of municipal courts in Douglas County for justice of the peace courts under a former constitutional provision. As to the question of uniformity, the court stated, `If a law is general and uniform throughout the state, operating alike upon all persons and localities of a class, or who are brought within the relations and circumstances provided for, it is not objectionable as wanting uniformity of operation.' State v.Berka, 20 Neb. 375.' State ex rel. Bunce v. Kubat,110 Neb. 362 at 366.
If Neb.Rev.Stat. § 24-516 (Reissue 1979) mentioned above, is amended by an insertion `a municipal court judge' as indicated by your letter, the statute, in our opinion, would have uniform application as to all county courts and would therefore not violate Article V, Section 19, quoted above.
It is further our opinion that such amendment would be authorized under the authority granted by the portion of Article V, Section 1, also quoted above.
It could be possible that there may be other conflicting statutes relating to county judges and municipal judges, but this would probably not be a constitutional problem. In this connection, we note that the qualifications for county judges contained in Neb.Rev.Stat. § 24-505.01 (Reissue 1979), are identical to the qualifications for municipal court judges contained in Neb.Rev.Stat. § 26-103 (Reissue 1979).
If we can be of further assistance to you, please contact us.
Respectfully submitted, PAUL L. DOUGLAS Attorney General Mel Kammerlohr Assistant Attorney General