Sam Dean HORN and Roy Lee HORN
*v.* STATE of Arkansas

CR 84-21                      665 S.W.2d 880

Supreme Court of Arkansas
Opinion delivered March 19, 1984

*Murphy & Carlisle,* by: *John Wm. Murphy,* for appellant.

*Steve Clark,* Atty. Gen., by: *Velda West Vanderbilt,* Asst. Atty. Gen., for appellee.

P. A. HOLLINGSWORTH, Justice. In June of 1981, Sam and Roy Horn were arrested in the City of Springdale. Roy Horn was charged with possession of a controlled substance, fictitious tags, possession of a prohibited weapon, and contributing to the delinquency of a minor. Sam Horn was charged with possession of a controlled substance and minor in possession. On July 1, 1981, both of the Horns were tried in the Municipal Court of Prairie Grove, Arkansas. Roy Horn was found guilty and fined $400.00. Sam Horn was found guilty and fined $300.00. Both appealed their convictions to the Circuit Court of Washington County, Arkansas. After a hearing on December 2, 1982, the Washington County Circuit Court affirmed the judgment of the Prairie Grove Municipal Court on April 28, 1983. On appeal, the appellants challenge the court's finding that the law does not require the defendant to be charged and tried in the municipal court nearest the point of arrest.

Appellants assert that the legislative act is unconstitutional in that it violates their equal protection right guaranteed by the United States and Arkansas Constitutions.

Upon examining the record, it appears this issue is raised for the first time here. The pertinent part of the transcript of the December 2, 1982 hearing contains the following colloquy between counsel for appellants and the court:

The Court:   Now, gentlemen, is there any stipulation as to the facts? Are you wanting this court to resolve jurisdiction?

Mr. Murphy:   Venue, Your Honor.

The Court:   Venue only?

Mr. Butler:    Just venue, Your Honor.

The Court:    Do you want to make any stipulation as to the facts involved? You are only wanting to challenge venue?

Mr. Murphy:    I am only challenging venue. I will stipulate that one Horn boy was 20 years of age, actually he was 3 weeks under age 21, and that the license was not the proper license on the vehicle.

The Court:    That's what I'm getting at. Assuming for a minute that the Court finds venue was improper, then that would end the matter; . . .

Mr. Murphy:    I'll plead nolo. I'll go ahead and stipulate the facts; I am not arguing on that. All I said I would fight was venue.

On appeal the appellants make an equal protection argument based on the inability of county residents to vote for a municipal judge who has countywide authority. The record in the trial court does not indicate this objection was raised below or that the appellants stated their voting rights were denied. An objection must be sufficiently specific to apprise the trial court as to the particular error complained of in order to preserve the right to appellate review. *Tosh* v. *State*, 278 Ark. 377, 646 S.W.2d 6 (1983). We will not consider matters raised for the first time on appeal. *Swaite* v. *State*, 274 Ark. 154, 623 S.W.2d 176 (1981); *Wicks* v. *State*, 270 Ark. 781, 606 S.W.2d 366 (1980).

We do not follow the plain error doctrine whereby we address plain errors affecting substantial rights which were not brought to the attention of the trial court. *Cargo Carriers, Inc.* v. *Ragland,* 278 Ark. 401, 646 S.W.2d 681 (1983); *Sanders* v. *State,* 276 Ark. 342, 635 S.W.2d 222 (1982).

Ark. Stat. Ann. § 22-709 (Repl. 1962) grants municipal courts countywide jurisdiction and does not provide an automatic right of removal or change of venue. Section 22-721 provides for change of venue for certain situations, none of which are pertinent to the facts in the case before us.

Affirmed.

ADKISSON, C.J., HICKMAN and PURTLE, JJ., dissent.

DARRELL HICKMAN, Justice, dissenting. In effect the appellants challenge the power of the municipal court of Prairie Grove, a small community of 1,708 people located in Washington County, Arkansas, to adjudicate a criminal offense that occurred in the City of Springdale, Arkansas, a large community located in Washington County, Arkansas.

The problem of concurrent jurisdiction of municipal courts in Arkansas is a growing one, and the fact that there is no constitutional or statutory provision to regulate the proliferation of municipal courts in Arkansas will continue to cause us a problem. *Pulaski County Municipal Court* v. *Scott*, 272 Ark. 115, 612 S.W.2d 297 (1981). The municipal court in Prairie Grove was created by Act 1171 of 1975, and it grants that municipal court countywide jurisdiction. It does require that the judge be a qualified elector of the county and apparently permits a countywide election; but, if no qualified person files then the city council of Prairie Grove will select the municipal judge. By Act 1171 the annual salary of the Prairie Grove municipal judge is $2,400. Undoubtedly, the responsibilities and duties of that court have increased, because the salary was at least tripled in 1979 by Act 14 which authorized an annual salary of not less than $7,200 nor more than $12,000.

The appellants in this case have a valid claim. By what right does the City of Prairie Grove have to cause a person arrested in the City of Springdale, for an offense, to be subject to the judgment of Prairie Grove? The arresting officer, a deputy sheriff, took the case to the Prairie Grove Municipal Court and under the present scheme of things the arresting officer decides where a person will go. It is a ridiculous situation. In my judgment the Prairie Grove Municipal Court is not constitutionally valid and is nothing more than a city court with jurisdiction limited to the boundaries of the municipality; therefore, it had no jurisdiction to try this case, and it did not have venue over an offense committed in the City of Springdale. *State ex rel.*

*Reynolds* v. *Sande*, 238 N.W. 504 (Wis. 1931); *State ex rel. Wright* v. *Brown*, 131 Neb. 239, 267 N.W. 466 (1936).

I can think of no legitimate reason that a police officer could have for arresting a person within the city limits of one city, which has a municipal court, and transporting that person across the county to a small town which also has a municipal court. Certainly, the motive cannot be the administration of justice and is probably nothing more complicated than assisting the city in raising revenue. The attention of the parties is directed to our recent decision in the case of *Littleton* v. *Blanton*, 281 Ark. 395, 665 S.W.2d 239 (1984), which declared the Marked Tree Municipal Court illegal.

The majority may opt to resolve some of these problems by using Ark. Stat. Ann. § 43-601 (Repl. 1977), which provides one arrested without a warrant shall be taken before the most convenient magistrate.

I am authorized to say that Chief Justice Adkisson and Justice Purtle join in this dissent.