## Robert SMITH *v.* STATE of Arkansas

CR 79-200                                   595 S.W. 2d 671
Supreme Court of Arkansas
Opinion delivered March 24, 1980

*John W. Achor,* Public Defender, by: *James H. Phillips,* Deputy Public Defender, for appellant.

*Steve Clark,* Atty. Gen., by: *Catherine Anderson,* Asst. Atty. Gen., for appellee.

JOHN A. FOGLEMAN, Chief Justice. Appellant was found guilty of violation of Ark. Stat. Ann. § 41-2102 (Repl. 1977) by threatening to immediately employ physical force against Betty English, an employee of the Seven-Eleven store at Eighteenth & Main, North Little Rock, with the purpose of committing a theft, having a gun in his possession at the time. He was sentenced to a term of 50 years' imprisonment.

Appellant asks us to reverse that judgment upon two grounds. He says that the court erred by denying consideration by the jury of a verdict of not guilty and by excluding a portion of an instruction requested by him. We find no prejudicial error and affirm.

There was not only substantial evidence that appellant committed the crime, but appellant took the witness stand and testified that he had committed the robbery and that he was armed at the time, but said that he was under the influence of drugs and had been drinking beer. He said that he never used physical force, pulled the weapon or pointed it at the "girl," or even represented to her that he had the weapon or that he would kill her if she didn't give him the money. He said that when she began "hassling" him about the money, he was about to leave, but looked out over the fog on the window and saw the top of a police car. He said that he did not see a police officer approaching him with a riot gun until that officer had jumped out of the car and appellant had opened the door. Appellant said that he retreated into the store, took the weapon out of his britches and put it on a stack of cans because he did not want to be found with it, knowing exactly what the officer would do if he had been seen with it in his hand. He said he had gone into the store to rob it but that he was caught before he could get out and he never took the money outside the front door.

He also testified on direct examination that he had been convicted of prior felonies—burglary and grand larceny, assault with intent to rob and armed robbery. He said he knew that, because he had taken the witness stand, the jury was going to find out about these prior convictions and that he could have avoided the jury's knowing about them, if he had not taken the witness stand. He explained that some of his prior convictions were "just neighborhood type situations" in which the alleged victims also went to the penitentiary.

Appellant stated he knew the jury was going to find him guilty but that he couldn't plead guilty because he wanted the jury to decide his sentence. He told the jury that, because he was an habitual offender, he would not be eligible for

parole as others were, but would have to serve "whatever I get." He explained that he had been employed at the time of the "incident" but "goofed up" again and got to drinking and had been taking Valium and drinking on the day of the robbery.

In order to properly evaluate appellant's arguments, it is necessary that we consider his trial strategy. Not only did he testify that he had decided to let the jury fix his sentence, he said that he felt more comfortable with a jury of 12 deciding "on me." He also made a plea for leniency by pointing out that he had a drinking problem, but had conquered a drug problem. He told the jury that he had been treated in the state hospital for alcohol abuse. Virtually all this information was given during his direct examination.

In closing argument, appellant's trial attorney (who is not his attorney on appeal) opened with a statement that "honesty is the best policy," reminded the jurors that at the beginning of the case he had told them that there were only two issues to be decided, i.e., whether Smith was guilty of aggravated robbery or of criminal attempt to commit robbery and the extent of the punishment to be imposed. He pointed out that the jury had five options but that the fifth one, a finding of not guilty, was not actually an option. He said that Smith was only asking the jury to make the punishment fit the crime but not "to let him loose." He said that Smith was guilty.

After the jury retired, this attorney, in Smith's presence, advised the court that Smith had instructed him to argue to the jury and base his defense on the fact that Smith was in fact in the store, and was guilty of some offense, but not aggravated robbery. Smith confirmed the attorney's statement and said that he had advised the attorney to argue that he was not guilty of aggravated robbery, but that he was in fact guilty of "going and robbing the place."

The form of verdict submitted to the jury provided for findings of guilty or not guilty of aggravated robbery, robbery, criminal attempt to commit aggravated robbery, or "criminal attempt to robbery." The trial judge told the jury

that it could disregard the form for not guilty of aggravated robbery, because Smith had admitted he was guilty of something. Appellant's attorney then stated that he was not sure that he understood the judge's comment about "the jurors disregarding what." The judge responded that there was an admission of guilt of criminality and that a not guilty verdict should not be considered by the jury. No objection was made to either statement by the judge.

Appellant now argues that the judge commented on the evidence, and in effect, directed a verdict of guilty. The attorney's inquiry cannot be transformed into an objection as appellant would have us do. He would also have us ignore the fact that he made no objection, on the ground that plain error was committed, relying on Ark. Stat. Ann. § 43-2725.2 (Repl. 1977) and Camp v. Arkansas, 404 U.S. 69, 92 S. Ct. 307, 30 L. Ed. 2d 223 (1971).

We have no "plain error" rule and Camp certainly does not require one. We do not take § 43-2725.2 to mandate such a rule. Just a few months ago—long after the adoption of that section of the statute—we held that an appellant is barred from arguing a point not supported by an objection in the trial court. We overlook a failure to object in the trial court only when the error is so great the trial judge was under a duty to correct his own action immediately and when no objection or admonition could have undone the damage or erased the effect of his error from the minds of the jurors. Wilson v. State, 261 Ark. 820, 552 S.W. 2d 223. We pointed out in Wilson that even that practice should be indulged in with great caution and invoked only to avoid a clear miscarriage of justice.

Appellant correctly contends that the statements of the judge were a comment on the evidence and his action tantamount to directing a verdict of guilty of aggravated robbery or a lesser included offense. The error was harmless beyond a reasonable doubt. A declaration of error certainly is not necessary to avoid a clear miscarriage of justice. Nor would it mandate a reversal. The trial judge's statement conveyed no thought to the jury that was not communicated to it with greater potential impact by both appellant and his attorney.

Appellant's trial strategy was inconsistent with an objection to the judge's statements. The verdict forms submitted to the jury still permitted a finding of not guilty, but appellant did not seek such a verdict. His deliberate strategy was to make a judicial confession to the jury in order to avoid sentencing by the judge. He is in no position to complain on appeal.

Appellant has never contended that the evidence was not sufficient to support a finding that he was guilty of aggravated robbery.

Appellant offered and the judge refused the following instruction to the jury:

> You must not consider any prior trouble in which the Defendant may have been involved for any purpose other than in assessing his credibility as a witness. It is for you as jurors to say what weight you will give to the testimony of each witness.

He argues here that evidence of prior convictions is admissible only for the purpose of attacking the credibility of the witness. That is true when the evidence is offered by the state. Appellant voluntarily testified as to his prior convictions, not for the purpose of showing the jury that he was not credible, but for the purposes of impressing the jury with his honesty and sincerity and of emphasizing the fact that his eligibility for parole would be postponed on account of these convictions. Under these circumstances he was not entitled to the requested instruction, even if it is correct. The use of the words "prior trouble" casts considerable doubt about its correctness.

Since we find no reversible error, the judgment is affirmed.

HICKMAN and PURTLE, JJ., dissent.

JOHN I. PURTLE, Justice, dissenting. Appellant was on trial for aggravated robbery. He entered a plea of not guilty and was tried before a jury. The charge of aggravated robbery necessarily includes the offenses of robbery, criminal

attempt to commit aggravated robbery and criminal attempt to commit robbery. Therefore, there were four possible guilty verdicts which should have been considered by the jury.

Ark. Stat. Ann. §§ 41-2102/2103 (Repl. 1977) states:

41-2102:(1) A person commits aggravated robbery if he commits robbery as defined in section 2103 (§ 41-2103) and he:

(a) is armed with a deadly weapon, or represents by word or conduct that he is so armed; or

(b) inflicts or attempts to inflict death or serious physical injury upon another person.

(2) Aggravated robbery is a class A felony.

41-2103:(1) A person commits robbery if with the purpose of committing a theft or resisting apprehension immediately thereafter, he employs or threatens to immediately employ physical force upon another.

(2) Robbery is a class B felony.

Therefore, before a person may be convicted of aggravated robbery, he must employ or threaten to immediately employ physical force upon another person AND be armed with a deadly weapon or represent he is so armed; or, inflict or attempt to inflict death or serious physical inquiry upon another person. Physical force is defined in Ark. Stat. Ann. § 41-2101 (Repl. 1977) as:

"Physical force" means any bodily impact, restraint, or confinement, or the threat thereof.

Did appellant admit or did the evidence show that he employed or threatened to immediately employ physical force upon another person? I do not think so. The appellant stated:

"At no time when I was inside the store did I use any

physical force or threaten to use any physical force . . . I goofed up again and got to drinking; that's exactly what happened. I know I'm in trouble, but I didn't take anything out of the store, and I wouldn't try to hurt nobody . . . that day I was taking Valium. That was the only drug I was taking, but I was also drinking beer. . . ."

The above testimony certainly makes it a fact question whether the appellant employed or threatened to use force. If he neither used physical force nor threatened to immediately use physical force upon another person, he was not guilty of aggravated robbery. In fact, he would not be guilty of robbery absent such force or threat of force. Certainly, his testimony is not undisputed even though it may be uncontradicted. There is no independent testimony contradicting his statements contained in the record before us. The jury may not have believed a single word of appellant's testimony, but it was their right and duty to give this testimony as little or as much weight as they choose. The court completely took the facts away from the jury; and, in effect, directed a verdict of guilty of aggravated robbery when the verdict forms were being read to the jury. This event occurred after the verdict on aggravated robbery was given, and the court stated:

"All right, ladies and gentlemen, it's time for you to retire to the jury room and consider your verdict . . . The first one says:

We, the Jury, find the defendant, Robert Smith, guilty of aggravated robbery as charged in the information.

If that is your verdict, then your foreman will sign that in the place here for the foreman. The rest of these are lesser included offenses . . . If you find

We, the Jury, find Robert Smith *not guilty* of aggravated robbery,

You can disregard that. Mr. Lee has admitted that he is

guilty of something. So, you can disregard that not guilty verdict."

The court then proceeded to instruct the jury on a finding of guilty or not guilty as to robbery, criminal attempt for aggravated robbery, and criminal attempt for robbery. In my opinion, appellant's argument is broad enough to include the argument of insufficiency of the evidence to support a finding of guilty of aggravated robbery.

At the conclusion of the court's verdict instruction appellant's attorney stated:

"Your Honor, if it please the Court, I'm not sure that I understand the comment, I don't know about the jurors disregarding what."

These words may not be in the best form for an objection, but they do at least question the correctness of the court's instructions and comments. This inquiry may have meant the attorney could not believe what he had heard. At the very least, the court should have considered the remarks he had just made. For reasons stated later, I do not believe an objection was necessary. I feel this error was of such magnitude that no objection was necessary. I feel the trial court was under a duty to correct his mistake immediately, and the error was so prejudicial that justice could not be served by a continuation of the trial after such a mistake. This amounts to what I call "plain error."

Ark. Stat. Ann. § 43-2725.2 (Rep. 1977) states:

A conviction shall be reversed and a new trial ordered where the Supreme Court finds that the conviction is contrary to the Constitution, the laws of Arkansas or for any reason determines that the appellant did not have a fair trial. Where appropriate, the Supreme Court shall reverse the conviction and order the appellant discharged. In all other cases, the conviction must be affirmed, but the sentence of the appellant may be reduced if it is deemed excessive.

Thus, it is clearly stated in § 43-2725.2 that a conviction *shall* be reversed and a new trial ordered when the Supreme Court finds that the conviction is contrary to the Constitution, the laws of the State of Arkansas, or for any other reason determines that the appellant did not have a fair trial. We do not have to base this decision on the above statute because there is higher authority. The Constitution of Arkansas, Art. 7 § 23, states:

> Judges shall not charge the juries with regard to matters of fact. . . .

I do not feel that the above constitutional provision and laws of the State of Arkansas are merely pieces of paper. I cannot understand how the majority can agree that the trial judge commented on the evidence, which violates the constitution, and directed a verdict of guilty to aggravated robbery, which is contrary to all precedent, and still uphold the conviction.

I am, at least at this time, unwilling to seat myself in the jury box, as I believe the majority has done, and pass upon the guilt or innocence of an accused. There is no doubt in my mind that had I been a juror in this case, I would have voted to convict the appellant of one of the offenses. Perhaps, I would have voted for aggravated robbery; but, it would be necessary for me to have heard some evidence of the use of force or the threat of physical force. Nothing in the record or in the majority opinion supplies this missing ingredient.

There is at least a jury question on another part of the aggravated robbery charge. That jury question is whether or not the appellant had the necessary purpose to commit the offense. Ark. Stat. Ann. § 41-203(1) (Repl. 1977) defines "purposely" as:

> A person acts purposely with respect to his conduct or a result thereof when it is his conscious object to engage in conduct of that nature or to cause such a result.

I think there is at least a fact question whether the

appellant possessed the requisite purpose of mind; after all, he testified he was on Valium and beer.

We have previously held a trial court may not direct a verdict of guilty when the penalty for the offense is possible imprisonment. *Collins* v. *State,* 183 Ark. 425, 36 S.W. 2d 75 (1931); *Taylor* v. *City of Pine Bluff,* 226 Ark. 309, 289 S.W. 2d 679 (1956). Also, see *Compton* v. *United States,* 377 F.2d 408 (8th Cir. 1967).

Failure to object to an improper instruction has been before this Court several times. Such failure to spontaneously object to an erroneous instruction was discussed by this Court in *Wilson [& Dancy]* v. *State,* 261 Ark. 820, 552 S.W. 2d 223 (1977) wherein we stated:

> We will take this action only when the error is so great that the trial court was under a duty to correct it immediately and no objection or admonition could have undone the damage or erased the effect of the error from the minds of the jurors.

Not only did the court fail to take any action to undo the error, but he also sent this error with the jury into the jury room. This instruction error was constantly before the jurors until they had complied with the court's indirect instructions to convict the appellant of aggravated robbery. We have held it to be plain error for the court to comment to the jury during their deliberations. *Bell* v. *Smith,* 223 Ark. 304, 265 S.W.2d 709 (1954). In *Bell* the comment of the court concerned the eligibility of a convict obtaining a parole. In my opinion, such comment did properly call for a reversal of the case. However, that comment was small compared to the one in the present case. I can think of no instance where greater harm could be done than the combination of the remark of the court and a withdrawal of the not guilty verdict form. If no objection were required in *Bell,* certainly none is required in the present case.

It is fundamental to our system of government that an accused is presumed to be innocent until he is found guilty.

When a court instructs the jury that the accused is guilty, this principle has been violated.

I stated earlier that there is no evidence in this record to support a conviction for aggravated robbery, let alone warrant a directed verdict. I fear the majority is making a grievous mistake, and a mistake which all of us will later regret. Therefore, I would reverse and remand for a new trial.