## Jerry SHELTON *v.* STATE of Arkansas

CR 80-157                          609 S.W. 2d 18

Supreme Court of Arkansas
Opinion delivered December 8, 1980

*E. Alvin Schay*, State Appellate Defender, by: *Ray Hartenstein*, Chief Deputy Defender, for appellant.

*Steve Clark*, Atty. Gen., by: *Mary Davies Scott*, Asst. Atty. Gen., for appellee.

FRANK HOLT, Justice. Appellant was charged with possession of a firearm by a felon, Ark. Stat. Ann. § 41-3103 (Repl. 1977) and being a habitual offender, Ark. Stat. Ann. § 41-1001 (Repl. 1977). Appellant pleaded guilty. However, he chose to leave the punishment to the jury. It assessed his punishment, as a habitual offender, at 7 years imprisonment and a fine of $10,000. Subsequently, upon a revocation hearing, the court revoked the suspension of his sentences in two previous convictions (3 years suspended on each of the 5 year concurrent sentences) and ordered them to run consecutive to the 7 year sentence imposed by the jury. The only issue raised on appeal is that it was impermissible to sentence appellant under the habitual offender act, because the firearm statute, the underlying charge, has its own enhance-

ment provision. Therefore, his sentence should be reduced to the minimum provided by law under the firearm statute.

That statute, § 41-3103 (1) (a) (c) (4), provides in pertinent part:

> No person who has been convicted of a felony . . . shall possess or own any firearm . . . A person who violates this section commits a class D felony if he has been convicted of a felony; otherwise, he commits a class A misdemeanor.

Appellant asserts that to use his prior convictions for enhancement under the firearm statute and to invoke the habitual criminal act to further enhance his punishment constitute a violation of his constitutional right not to be twice placed in jeopardy, and it is contrary to the legislative intent in enacting the habitual offender act, § 41-1001. The state responds that this argument should not be considered, because it is raised for the first time on appeal. Even so, appellant insists that the issue should be addressed by the court, because it goes to the jurisdiction of the trial court and, therefore, no objection is necessary to preserve it for review, citing *White* v. *State*, 260 Ark. 361, 538 S.W. 2d 550 (1976), and the change on its face is constitutionally infirm, citing *Menna* v. *New York*, 423 U.S. 61 (1975). Further, appellant urges this court to consider the asserted error despite a failure to object, because it is necessary in order to avoid a clear miscarriage of justice, citing *Wilson & Dancy* v. *State*. 261 Ark. 820, 552 S.W. 2d 223 (1977); and *Smith* v. *State*, 268 Ark. 282, 595 S.W. 2d 671 (1980). Appellant argues that double jeopardy is applicable, citing *Harris* v. *Oklahoma*, 433 U.S. 682 (1977), and, further, application here of the habitual offender act is contrary to legislative intent, citing *Rust* v. *State*, 263 Ark. 350, 565 S.W. 2d 19 (1978), *Simpson* v. *United States*, 435 U.S. 6 (1978); and *Heady* v. *Commonwealth*, 597 S.W. 2d 613 (Ky. 1980).

Our general rule is well established that we do not consider an alleged rule when it is not presented to the trial court and is raised on appeal. *Halfacre & Duty* v. *State*, 265 Ark. 378, 578 S.W. 2d 237 (1979); *Jeffers* v. *State*, 268 Ark.

329, 595 S.W. 2d 687 (1980); and *Smith* v. *State*, 268 Ark. 282, 595 S.W. 2d 671 (1980).

Here, the appellant and his counsel informed the court that he wanted to plead guilty and leave his punishment to the jury. The court asked him personally if he was aware that he could receive up to 7 years and a $10,000 fine, or both, to which appellant responded in the affirmative. Upon the issue being submitted to the jury with his and his counsel's approval, the jury assessed his punishment to the extent he had been warned. The court so sentenced him. No objection was ever interposed to the charges, to the submission of the issues to the jury, to sentencing, nor by a motion for a new trial.

In the circumstances, since the issue is raised for the first time on appeal, we do not consider it.

Affirmed.

PURTLE and MAYS, JJ., dissent.

JOHN I. PURTLE, Justice, dissenting. I dissent because I feel the appellant was twice placed in jeopardy for the same offense. Double jeopardy is prohibited by both the state and federal constitutions. This was clearly established in two fairly recent cases. *North Carolina* v. *Pearce*, 395 U.S. 711 (1969); and *Harris* v. *Oklahoma*, 433 U.S. 682 (1977).

In the case before us the appellant was charged with possession of a firearm by a felon. He also was charged with being a habitual offender. He had previously been convicted twice on other nonviolent crimes. The fact that he was convicted on the two prior felonies elevated the innocent conduct of selling the firearms to that of a felony. Then the same two prior convictions were used to enhance the punishment resulting from the possession of the firearms. This same situation was considered by the Supreme Court of Kentucky in the case of *Heady* v. *Commonwealth*, 597 S.W. 2d 613 (Ky. 1980). The Kentucky court concluded that it was not the intent of the legislature to enhance a charge because of its involvement with a firearm and then increase the punishment a second

time by the application of a habitual offender statute. That is exactly what the majority is doing in the present case.

In my opinion, any time a person is convicted and punished in a manner prohibited by the state or federal constitution it amounts to plain error and this Court should consider it on appeal, even if it is not argued in the briefs. Jurisdiction of the Court should be a matter which we will consider on any appeal without the necessity of the parties even arguing it.

Both sides appear to rely on *Rust* v. *State*, 263 Ark. 350, 565 S.W. 2d 19 (1978). A reading of the case would seem to sustain both arguments. At any rate, in *Rust* we did not deal with the same situation as we have before us in the present case.

Any way you look at this case it boils down to the fact that the possession of the firearm was the basis for both the conviction as a felony in possession of a firearm and for the enhancement as a habitual offender. This is, in my opinion, twice placing a person in jeopardy for the same offense. Therefore, I would reverse and remand or do as we did in the case of *McDonald* v. *State*, 266 Ark. 56, 582 S.W. 2d 272 (1979).

I am authorized to state that Mays, J., joins me in this dissent.