Hezile EARL, Jr. *v.* STATE of Arkansas

CR 80-67                                    612 S.W. 2d 98

Supreme Court of Arkansas
Opinion delivered February 23, 1981

6

*Robert L. Lowery*, for appellant.

*Steve Clark*, Atty. Gen., by: *C. R. McNair, III*, Asst. Atty. Gen., for appellee.

RICHARD B. ADKISSON, Chief Justice. On January 18, 1979, appellant, Hezile Earl, Jr., George Burton, and Eugene Walker were jointly charged in Pulaski County Circuit Court with the capital felony murder and aggravated robbery of Ray Wood at the R & I Garage in North Little Rock, Arkansas.

After the court granted appellant's motion for severance, he was the first to be tried on July 28, 1979. He was convicted and sentenced to life without parole for capital felony murder, and to 50 years for aggravated robbery.

Where life imprisonment or death was imposed in the court below, the Supreme Court shall review the entire record for errors prejudicial to the right of the appellant. Rule 36.24, Ark. Rules Crim. Proc., Vol. 4A, Ark. Stat. Ann. (Repl. 1977). To facilitate this review, Rule 11(f), Rules of

the Supreme Court, Vol. 3A, Ark. Stat. Ann. (Repl. 1979) was promulgated:

> [T]he appellant must abstract all objections that were decided adversely to him in the trial court together with such parts of the record as are needed for an understanding of the objection. The attorney general will make certain that all objections have been so abstracted and will brief all points argued by the appellant and any other points that appear to him to involve prejudicial error.

This means that both the counsel for appellant and counsel for the State must examine the record page by page to be certain that all the objections are brought to the court's attention. For many years the members of this court made that examination in capital cases before the rule was amended to read as it does now. *Curry* v. *State*, 270 Ark. 570 (1980). Appellant's points to be relied on will be addressed as they appear in his brief. Some of the points will be consolidated for consideration by the court since the issues of law and fact are common to each.

THE COURT PROPERLY DENIED APPELLANT'S MOTION TO QUASH THE INFORMATION ON THE GROUND THAT THE STATUTES ARE UNCONSTITUTIONAL.

Appellant argues that Ark. Stat. Ann. § 41-1501(1) (a) (Repl. 1977) and Ark. Stat. Ann. § 41-1502(1) (a) overlap and are, therefore, unconstitutionally void for vagueness. It is true that the statutes overlap. The capital murder statute requires proof of the commission or attempt to commit at least one of seven specific felonies. The first degree murder statute is violated by proof of the commission or attempt to commit any felony, which we have held includes the seven mentioned in the capital murder statute. These statutes are not vague, since they clearly set out what acts are prohibited. We find no constitutional infirmity in the overlapping of the two sections because there is no impermissible uncertainty in the definition of the offenses. *Cromwell* v. *State*, 269 Ark. 104 (1980).

## THE COURT DID NOT ERR IN DENYING APPELLANT'S MOTION FOR FUNDS FOR AN EXPERT WITNESS.

Appellant contends that the trial court's denial of funds to the defendant for purposes of employing a psychologist (to prove his mental condition at the time of the alleged crime as it related to issues of guilt and mitigating circumstances at trial) "deprived appellant of effective assistance of counsel and of due process of law in violation of the Constitution of the United States and of the State of Arkansas." This contention is without merit.

In *Andrews* v. *State*, 265 Ark. 390, 578 S.W. 2d 585 (1979), we held that the defendant did not have the right to appointment of a psychiatric expert to assist in his defense under the Sixth Amendment to the United States Constitution. In *Hale* v. *State*, 246 Ark. 989, 440 S.W. 2d 550 (1969), we found no denial of due process or equal protection of the laws under our statutory procedure whereby a psychiatric examination is provided by the staff of the state hospital.

## THE COURT DID NOT ERR IN ADMITTING INTO EVIDENCE TWO PHOTOGRAPHS OF THE VICTIM.

Only two photographs of the victim lying on the floor of his repair garage were admitted, while others were excluded as being "more inflammatory than informative."

A photograph is admissible when it tends to corroborate the testimony of a witness, shows the nature and extent of the wounds or the savagery of an attack, or is useful in enabling a witness to better describe objects portrayed or the jury to better understand the testimony. *Davis* v. *State*, 246 Ark. 838, 440 S.W. 2d 244 (1969); *Perry* v. *State*, 255 Ark. 378, 500 S.W. 2d 387 (1973); *Witham* v. *State*, 258 Ark. 348, 524 S.W. 2d 244 (1975).

Appellant asserts that the prejudicial nature of these photographs is not outweighed by any relevancy they may

have had when tested by Rule 403, Uniform Rules of Evidence, Ark. Stat. Ann. § 28-1001 (Repl. 1979).

Under Rule 403, the weighing of these opposing factors lies within the sound judicial discretion of the trial court. We find no abuse of discretion in this case. *See Gruzen* v. *State*, 267 Ark. 380, 591 S.W. 2d 342 (1979).

## THE COURT ERRED IN PERMITTING CROSS-EXAMINATION AS TO EVIDENCE NOT FURNISHED ON DISCOVERY.

Appellant argues on appeal that the trial court erred in allowing the State to cross-examine him regarding a statement he allegedly made to Prairie County Sheriff Mike Grady. The State failed to disclose this alleged statement after appellant had filed a timely motion for discovery under Rule 17, Ark. Rules Crim. Proc., Vol. 4A, Ark. Stat Ann. (Repl. 1977).

On May 16, 1979, appellant filed two motions: a motion "to suppress all statements obtained from defendant by the State" alleging they were involuntary and were obtained in violation of defendant's rights under the Constitution of the United States and the State of Arkansas; and a motion for discovery requesting "a true, accurate, and complete copy of any and all written or recorded statements and the substance of any oral statements made by the defendant or a co-defendant."

On May 21, 1979, the State responded to appellant's discovery request by stating: "[O]n or about May 7, 1979, counsel for defendant was given access to the State's file at which time counsel for defendant copied ... the entire contents of this file."

On July 24, 1979, a *Denno* hearing was held at which the trial court determined the voluntariness of certain taped and typed statements given by appellant to North Little Rock detectives Thorne and Lamberson at the Prairie County Jail on January 11, 1979. However, the State made no mention at this hearing of an undisclosed statement that

appellant had allegedly given on the same morning to Sheriff Grady of Prairie County.

During the trial, appellant took the stand in his own defense and denied having voluntarily made any inculpatory statement to anyone regarding this crime. During cross-examination, he was asked by the State if, after his confession to Thorne and Lamberson, he told Sheriff Mike Grady that he felt a lot better after getting that off his chest. At that time counsel for the appellant stated: [T]he defendant wants the record to reflect that the defendant has never been informed of any such statement as would be a response to the question just asked by the prosecutor concerning what the defendant might have said to Mike Grady and we move for a mistrial." This was denied.

Later, in the State's rebuttal, Sheriff Grady testified over the defense's objection that appellant had stated to him before leaving the jail on the morning of January 11, that "he was glad that he had it off his chest."

Rule 17.1, Ark. Rules Crim. Proc. states: "[T]he prosecuting attorney shall disclose to the defense counsel, upon timely request, ... any written or recorded statements and the substance of any oral statements made by defendant. ..."

Here there is no question that a "timely request" was made by the defense, but it is not clear whether the State furnished the defense the alleged inculpatory statement by the defendant as requested.

The appellee asserts that the use of appellant's statement for use of impeachment of Sheriff Grady was proper and cites *Spillers* v. *State*, 268 Ark. 217, 595 S.W. 2d 650 (1980) as authority therefor. However, the issues were not the same. Here the objection is based on the prosecutor's failure to furnish this statement as requested under the Ark. Rules of Criminal Procedure.

The "open-file policy" of the Pulaski County Prosecuting Attorney's Office may be a time saver for both the

State and the defense; however, as here, it often results in the court being unable to determine whether discovery has been complied with under the Arkansas Rules of Criminal Procedure.

There is no doubt about the timeliness of the request for the information, about the State's obligation to furnish the information, or about the prejudice resulting to defendant from use of such information in cross-examination, in rebuttal, and again in closing argument. If our discovery rules are to be meaningful, they must be complied with where, as here, a timely request is made, there is no finding of compliance by the State, and there is resulting prejudice to the defense. See *Williamson* v. *State*, 263 Ark. 401, 565 S.W. 2d 415 (1978).

## THE STATE IS REQUIRED TO CALL MATERIAL WITNESSES AT A *DENNO* HEARING.

Appellant argues that the State did not meet its burden of proving the voluntariness of his confession since they failed to call Sheriff Grady as a material witness. Sheriff Grady accompanied co-defendant Burton, after his confession, from the interview room back to the cell; and then took appellant out of the cell and delivered him to the interview room. Appellant testified at the *Denno* hearing, that during this exchange of prisoners:

> [M]ike Grady came back and got George out of the cell and took George and talked to him for at least forty-five minutes or close to an hour. Then, after they got through talking with George, Mike Grady came and he said — brought George back. George was — he was crying. He was all bound up, you know, and I asked him what was the matter with him. And he said that one of them detectives had hit him in the stomach with a belt and he had a scar on his face. And so, they — Mike Grady was talking to me about that I had to go in there and talk — he said the detective just wanted to question me . . .

Appellant argues that Sheriff Grady was a material

witness who could corroborate appellant's testimony as to Burton's statement and physical condition immediately after Burton left the interview room and just before appellant was taken to the interview room. Appellant testified that the detectives extracted his confession by verbal threats and by one menacingly hitting a big belt in his hand.

Co-defendant Burton was called as a witness for the defense at the *Denno* hearing but invoked the Fifth Amendment as to all questions. The defense counsel pointed out to the court the close proximity in time of both Burton's and appellant's statements and indicated that Burton's testimony would either corroborate or negate "part of the testimony that Mr. Earl has given." The defense counsel then asked if Mr. Grady was going to be present to testify, to which the prosecutor responded, "He is on standby." Defense counsel then stated: "At this stage, we would object to any voluntariness of the statement, because there has been no showing that he [appellant] originally had been in lawful custody. And, apparently, Mr. Grady was, fairly close to the taking of these two statements, enough to warrant his presence."

The prosecution did not call Sheriff Grady as a witness at the *Denno* hearing. And, it is undisputed that in-custodial statements of defendants are presumed to be involuntary and the State has the burden of proving their voluntariness. *Wright* v. *State*, 257 Ark. 264, 590 S.W. 2d 15 (1979); *Giles* v. *State*, 261 Ark. 415, 549 S.W. 2d 479 (1977); *Hileman* v. *State*, 259 Ark. 567, 535 S.W. 2d 56 (1976). When an accused offers testimony that his confession was induced by violence, threats, or coercion, it is incumbent upon the State to call all material witnesses who were connected with the contested confession or give an adequate explanation for their absence at the *Denno* hearing. *Northern* v. *State*, 257 Ark. 549, 518 S.W. 2d 482 (1975); *Bushong* v. *State*, 267 Ark. 113, 589 S.W. 2d 559 (1979).

Sheriff Grady, we think, was a material witness since his testimony would have reflected on the state of mind of the defendant at the time of entering the interview room by

corroborating or negating the appellant's testimony concerning co-defendant Burton. Also, arguably, Sheriff Grady was a participant to the coercion by allegedly telling the appellant he had to "go in there and talk."

Therefore, since the State failed to call a material witness at the *Denno* hearing, it did not sustain its burden of proof as to the voluntariness of the confession.

## PLEA BARGAINING IS ALIEN TO TRIALS BY JURY.

Appellant claims that it was error for the State to be allowed to question co-defendant George Burton in regard to any plea bargaining efforts. During cross-examination by the State, co-defendant Burton was asked if he had made any effort for plea bargaining. He denied this. The prosecutor then asked during recross if he had not in fact offered to testify for the State in the instant case for a recommendation of a 30-year term. Appellant objected based on the previous response of co-defendant Burton. The court overruled the objection. When the question was asked again, Burton replied, "I've thought about it." Upon approaching the bench, defense counsel stated that such questioning was prejudicial to the appellant and moved for a mistrial. The State's response was that the questioning went to the co-defendant's credibility.

The initial basis for appellant's objection to this evidence was that the witness had previously answered the question. An objection must be made at the first opportunity to do so. Rule 103, Uniform Rules of Evidence, Ark. Stat. Ann. § 28-1001 (Repl. 1979). The objection was not timely here; however, since another trial is expected in this case, it should be pointed out that we held in *Wilson* v. *State*, 253 Ark. 10, 484 S.W. 2d 82 (1972) that plea bargaining is alien to jury trials, "[M]any reasons should be obvious why offers and counteroffers in plea bargaining have no place whatever in the evidence at jury trials."

## THE COURT ERRED IN REFUSING TO GIVE AMCI 403 IN CONJUNCTION WITH AMCI 401.

Over defendant's objection, the court gave AMCI 401 on Accomplices — Definition and Joint Responsibility:

In this case the State does not contend that the defendant acted alone in the commission of the offenses of capital murder and aggravated robbery. A person is criminally responsible for the conduct of another person when he is an accomplice in the commission of an offense.

A person is an accomplice if, with the purpose of promoting or facilitating the commission of an offense, he solicits, advises, encourages or coerces the other person to commit the offense or he aids, agrees to aid or attempts to aid the other person in planning or committing the offenses.

A person acts with a purpose with respect to his conduct or a result thereof when it is his conscious objective to engage in conduct of that nature or to cause such a result.

The defense then requested AMCI 403 on Accomplice Status in Dispute — Corroboration. The court noted AMCI 403 tendered and refused.

The appellant is correct in his argument that AMCI 403 should be given under the evidence in this case. This instruction must be given when an alleged accomplice has testified and the sufficiency of the corroborating evidence presents an issue of fact for the jury. This Court has held that, when the status of a witness presents issues of fact, the defense is entitled to have this question submitted to the jury. *Jackson* v. *State*, 193 Ark. 776, 102 S.W. 2d 546 (1937); *Simms* v. *State*, 105 Ark. 16, 150 S.W. 113 (1912). As stated in *Jackson* v. *State, supra* one's status as an accomplice is a mixed question of law and fact and the issue must be submitted to the jury where there is any evidence to support a jury's finding that the witness was an accomplice. *Powell* v. *State*, 231 Ark. 737, 332 S.W. 2d 483 (1960). In view of the fact that the witness was jointly charged with this offense, the charge against him was still undisposed of, and the

extraneous evidence adduced on the trial tended to connect the witness with the commission of the crime, an issue of fact was raised and it is error to not give AMCI 403 under these circumstances.

## THE COURT ERRED IN REFUSING TO GIVE APPELLANT'S REQUESTED INSTRUCTION NO. 16 AND 18.

Appellant argues that although the court told the jury that capital felony murder included the lesser offenses of first degree murder, second degree murder, and manslaughter and the jury could find appellant guilty of one of these offenses or acquit him outright (AMCI 301), the court erroneously failed to give appellant's requested instruction No. 16 (AMCI 1503), defining second degree murder, and appellant's requested instruction No. 18 (AMCI 1504), defining manslaughter.

Appellant is correct in this contention. The two requested instructions are necessary to give meaning to appellant's requested instruction No. 10 (AMCI 301). The law must be so declared that the jury may not be in doubt as to the law of a particular question as it applies to the facts of a particular case. *Hill* v. *State*, 253 Ark. 512, 487 S.W. 2d 624 (1972). The failure to give AMCI 1503 and AMCI 1504 in conjunction with AMCI 301, is error when definition of the crimes included in AMCI 301 is requested by the appellant.

Appellee argues that the evidence only supported instructions on capital murder and first degree murder; and, under Ark. Stat. Ann. § 41-105(3) (Repl. 1977), the court is not obligated to charge the jury with respect to included offenses unless there is a rational basis for a verdict acquitting the defendant of the offenses charged and convicting him of the included offenses. However, by giving AMCI 301 the court determined that there was a rational basis for convicting defendant of the lesser included offenses and, having done so, was required to give the two requested instructions defining the crimes.

## THE TRIAL COURT DID NOT ERR IN SUB-

MITTING THE TWO CHARGES OF AGGRAVATED ROBBERY AND CAPITAL MURDER TO THE JURY; HOWEVER, THE COURT DID ERR IN ENTERING A JUDGMENT OF CONVICTION ON BOTH CHARGES.

Appellant asserts that the court erred in submitting the charges of both capital felony murder and aggravated robbery to the jury. We find no error in submission of both, but we do find error in entering a judgment of conviction on both.

Arkansas Stat. Ann. § 41-105 (Repl. 1977) provides:

(1) When the same conduct of a defendant may establish the commission of more than one offense, the defendant may be prosecuted for each such offense. He may not, however, be convicted of more than one offense if:

(a) one offense is included in the other, as defined in subsection (2); . . .

. . .

(2) A defendant may be convicted of one offense included in another offense with which he is charged. An offense is so included if:

(a) it is established by proof of the same or less than all the elements required to establish the commission of the offense charged; . . .

Under this statute the court did not err in submitting each of these offenses to the jury; however, since aggravated robbery is established by proof of less than all the elements required to establish the commission of capital felony murder, the trial court erred in entering a judgment of conviction on more than one of the offenses.

Appellant argues the proof on the aggravated robbery charge was identical to that needed to sustain the underlying felony charge in the capital felony murder and subjected

appellant to double jeopardy, citing *Harris* v. *State*, 433 U.S. 682 (1977). *Harris* is inapplicable to the case before us. *Harris* involved a case where the defendant was convicted of felony murder and was subsequently convicted on a separate information at a separate proceeding of the underlying offense of robbery with firearms.

The case before us presents an issue of statutory construction and not a United States Constitutional question of double jeopardy. See *Whalen* v. *U.S.*, 445 U.S. 684 (1980). There it was held that Congress did not authorize consecutive sentences for rape and for a killing committed in the course of the rape. It was held that a conviction for killing in the course of a rape could not be had without proving all the elements of the offense of rape under the applicable statute.

Other objections raised by appellant are not considered since they will not likely be raised in the same context upon retrial.

Reversed and remanded.