Joseph Verser SWAITE *v.* STATE of Arkansas

CR 81-50                                        623 S.W. 2d 176

Supreme Court of Arkansas
Opinion delivered October 26, 1981

156

*Webb & Inboden* and *L. D. Gibson,* for appellant.

*Steve Clark,* Atty. Gen., by: *Leslie M. Powell,* Asst. Atty. Gen., for appellee.

DARRELL HICKMAN, Justice. This is a companion case to *Swaite* v. *State,* 272 Ark. 128, 612 S.W. 2d 307 (1981).

Two men wearing ski masks tried to rob a liquor store at Harrisburg, Arkansas on January 4, 1980. Two others were charged as participating in the scheme. A shoot-out between the men and Bill Junkin, the owner and operator, resulted and the robbery attempt was thwarted. Junkin's wife and child were in the store when the shooting occurred.

Joseph Verser Swaite, the appellant, received a separate trial from Walter Swaite and Tommy Swaite, both of whom were charged with the defendant. Their case is reported in *Swaite* v. *State, supra.* Joseph Verser Swaite was convicted of attempted capital murder, aggravated robbery and two counts of aggravated assault. He was sentenced to thirty years on the first count, thirty years on the second, and ten years for each aggravated assault. The judge ordered him to serve two forty year sentences concurrently. On appeal he argues three errors, none of which have merit.

First, he concedes that no objections were made at the trial to his being charged with and convicted of both attempted capital murder and aggravated robbery. He argues on appeal that being charged with both of those offenses violates the double conviction prohibition of Ark. Stat. Ann. § 41-105 (1) (a) (2) (a) (Repl. 1977). That argument was made by counsel for the two other Swaites in *Swaite* v. *State, supra,* and was found to be meritorious. Their

convictions were reversed and remanded. Swaite argues that we should deal with the question even though the trial court was given no opportunity to rule on the issue, asking us to adopt the "plain error" rule. He cites a dissenting opinion in *Shelton* v. *State*, 271 Ark. 342, 609 S.W. 2d 18 (1980) as his authority. We do not recognize the so-called "plain error" doctrine.

As we plainly said in *Wicks* v. *State*, 270 Ark. 781, 606 S.W. 2d 366 (1980):

> ... In Arkansas, however, we do not have such a rule. *Smith* v. *State*, 268 Ark. 282, 595 S.W. 2d 671 (1980). To the contrary, in hundreds of cases we have reiterated our fundamental rule that an argument for reversal will not be considered in the absence of an appropriate objection in the trial court. Citations to that familiar principle are unnecessary.

That even applies to questions of constitutional magnitude, *Williams* v. *Edmondson*, 257 Ark. 837, 250 S.W. 2d 260 (1975). We did acknowledge in *Wicks* four possible exceptions to the rule, but none of them apply to this case.

The United States Supreme Court has, on occasion, noticed errors not raised in the court below. But that has been in the exercise of their discretionary power only. *United States* v. *Atkinson*, 297 U.S. 157 (1936); *Weems* v. *United States*, 217 U.S. 349 (1909).

In *Rowe* v. *State*, 271 Ark. 20, 607 S.W. 2d 657, *cert. denied*, 101 S. Ct. 1764 (1981), the appellant tried to raise on appeal, but not at trial, the issue of double jeopardy because two offenses were charged, one of which may well have been a lesser included offense. The charges in *Rowe* were attempted capital murder and aggravated robbery. We held that the arguments could not be heard on appeal because it was not argued below.

Swaite's second argument, which is two-pronged, goes to the enhancement of his sentence. The information charged six crimes and in two separate paragraphs asked

that Swaite receive additional punishment because he had used a firearm in connection with three specified aggravated assaults and because he had three prior felony convictions.

At Swaite's request, before trial, the court struck counts five and six. Count five charged Swaite with aggravated assault against a deputy sheriff with a pistol and count six charged him with possession of a firearm as a convicted felon.

Swaite's argument is that the two paragraphs seeking enhancement were listed on the information immediately following counts five and six, and were a part of counts five and six. He argues that since counts five and six were stricken, these paragraphs were also stricken. The trial court held that the enhancement paragraphs were not stricken and rightly so. They were separate and distinct allegations from counts five and six and not at all dependent upon those counts for their validity.

The trial court struck one prior conviction but allowed two others in evidence which alleged that Swaite was convicted in Jefferson County, Kentucky in 1968 of armed robbery and willful murder. As it turns out these convictions were reversed by the appellate court and remanded. Swaite was subsequently found guilty of the same offenses so that the convictions, for these same offenses, were actually dated "1973" rather than "1968" as alleged in the information.

It is argued that the state should be prohibited from using the convictions because of the variance of the date and the fact that the defendant had inadequate notice of the alleged convictions. The trial court, finding that the prosecution's file had been open for months to the defense, and finding no prejudice as a result of the variance of the dates, overruled the objections. We uphold that decision. In *Finch v. State*, 262 Ark. 313, 556 S.W. 2d 434 (1977), we found no prejudicial error when the prosecuting attorney was allowed, during the trial, to amend the information to allege previous convictions. The appellant is correct that it is a matter of notice and prejudice, but in this case the prosecution's file showed that the convictions were evidently

overturned and then reinstated in 1973, a fact that removes any possibility of prejudice.

Finally, it is argued the prosecuting attorney's remarks during the trial were prejudicial and can only be cured by granting a new trial.

During opening remarks the prosecuting attorney said:

> The overwhelming proof in this case will prove beyond any reasonable doubt that Mr. Swaite on the evening of January 4, 1980, along with three other persons, Tommy Swaite, Walter Swaite, two persons who have already had their day in court . . . "

An objection to these remarks was sustained and the judge admonished the jury to disregard them but denied a motion for mistrial. The defense had filed a motion in limine to prevent any reference to the conviction of the other Swaites. Although no order was granted, evidently some understanding was reached between counsel that the jury would not be told of the other Swaites' conviction. Any error was cured by the court's admonition. *Parker* v. *State,* 265 Ark. 315, 578 S.W. 2d 206 (1979).

The other remarks objected to were during closing when the prosecuting attorney said:

> I, of course, agree with what Mr. Webb said in some instances and disagree quite hard in others. I would agree with him that you made promises to us in the voir dire that you would decide this case based upon the evidence you heard from the witness stand. That's what you told him and all of us that you would do. You've heard a total of 9 witnesses. He talked to you, I think, kind of tongue and cheek. I know K. W. [Webb], well, he's got a job to do and it's probably a difficult job for him to do in this particular case.

A motion for mistrial was denied and no request for an admonition was requested or given. This is a discretionary matter and we cannot say the judge abused that discretion.

The remarks were no more than the usual unnecessary banter that counsel often feel compelled to engage in.

Affirmed.

PURTLE, J., dissents.

JOHN I. PURTLE, Justice, dissenting. I dissent primarily on the grounds set out by this court in *Swaite* v. *State*, 272 Ark. 128, 612 S.W. 2d 307 (1981). This is the same case but a different appellant. We reversed the double conviction in the first *Swaite* and affirm it in the present case. The majority hang their decision on the fact that the trial attorney in the present case failed to make a specific objection to being convicted twice for the same conduct. It seems to me the only reason the majority does not invalidate the double sentencing in the present case, as they are doing in a case being handed down today, *Singleton* v. *State*, 274 Ark. 126, 623 S.W. 2d 180 (1981), is that they are afraid they will be accused of adopting the "plain error" rule. This should cause no concern because this rule has long ago been adopted even though it may not be specifically referred to as "plain error." See *Wilson & Dancy* v. *State*, 261 Ark. 820, 552 S.W. 2d 223 (1977); *Wicks* v. *State*, 270 Ark. 781, 606 S.W. 2d 366 (1980); and by all means look at *Earl* v. *State*, 272 Ark. 5, 612 S.W. 2d 98 (1981), where we clearly held that it was plain error, or whatever you call it, to convict Earl of capital felony murder and aggravated robbery. Earl was convicted of capital felony murder and sentenced to life without parole. He was also given 50 years for aggravated robbery. In *Earl* we held that since aggravated robbery is established by proof of less than all the elements required to establish the commission of capital felony murder, the trial court erred in entering a judgment of conviction on more than one of the offenses. Other cases holding the "plain error" theory are *Bell* v. *State*, 223 Ark. 304, 265 S.W. 2d 709 (1954), and *Hayes* v. *State*, 269 Ark. 47, 598 S.W. 2d 91 (1980).

A fundamental reason for this court to take notice and correct the error is that it would prevent another Rule 37 hearing as we reasoned in *Singleton* v. *State*, supra, and an appeal from that and another opinion by this court. In

addition to the waste of time and expense, the appellant will have prolonged the finality of his sentence. We have complained about undue delays in the administration of criminal justice. This decision only upholds such delay.

Needless to say, if aggravated robbery was a lesser included offense in *Earl* v. *State,* supra, it is the same in the present case where the charge is attempted capital felony murder with a firearm. As we clearly stated in *Earl,* the Arkansas statute prevents a double conviction when the same conduct of a defendant establishes more than one offense. In the present case the information charged the appellant with the crime of attempted capital felony murder by the use of a firearm. The court allowed the appellant to be convicted pursuant to Ark. Stat. Ann. § 41-1004 (Repl. 1977) which states:

> (1) If a defendant is convicted of a felony and the trier of fact finds that the person so convicted employed a firearm in the course of or in furtherance of the felony, or in immediate flight therefrom, the maximum permissible sentence otherwise authorized by section 901 (§ 41-901) or section 1001 (§ 41-1001) shall be extended by fifteen (15) years.

> (2) Subsection (1) shall not apply to a defendant convicted of a felony, an element of which is:

> (a) employing or using, or threatening or attempting to employ or use, a deadly weapon; or . . .

Therefore, the above statute on its face would not allow for the enhancement of the sentence because by the very nature of the charge he used a deadly weapon. It was necessary to prove the use of the deadly weapon before he could be convicted of attempted capital felony murder as charged in the present case. Therefore, there are two reasons why appellant's rights against double jeopardy have been violated. He has in reality been sentenced three times for the same conduct. In the case of *Harris* v. *Oklahoma,* 433 U.S. 682 (1977), the petitioner had been convicted of felony murder based on the accomplice's killing of a victim during

the course of an armed robbery. Subsequently petitioner was convicted on a separate information with the crime of robbery with a firearm. His motion to dismiss on the ground of double jeopardy clause of the Fifth Amendment was denied by the Oklahoma court. The United States Supreme Court reversed the conviction. In a per curiam the United States Supreme Court in *Harris* stated:

> When, as here, conviction of a greater crime, murder, cannot be had without conviction of the lesser crime, robbery with the firearm, the double jeopardy clause bars prosecution of the lesser crime after conviction of the greater one.

It is only natural that it would bar conviction at the same time because he would still be placed in jeopardy twice for the same offense.

I would reverse because I believe the appellant has been punished three times for the same conduct. Therefore, a new trial should be granted.