Robert SMITH, Appellant,

v.

A.L. LOCKHART, Director, Arkansas Department of Corrections, Appellee.

No. 82–1496.

United States Court of Appeals, Eighth Circuit.

Submitted Dec. 17, 1982.

Decided Jan. 12, 1983.

Steve Clark, Atty. Gen. by Arnold M. Jochums, Asst. Atty. Gen., Little Rock, Ark., for appellee.

Mary Beth Sudduth, Conway, Ark., for appellant.

Before BRIGHT, Circuit Judge, FLOYD R. GIBSON, Senior Circuit Judge, and McMILLIAN, Circuit Judge.

BRIGHT, Circuit Judge.

Robert Smith appeals from the district court's judgment[1] dismissing his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. Smith contends that the state trial court denied his sixth amendment right to a fair trial by instructing the

1. The Honorable Henry Woods, United States District Judge for the Eastern District of Ar-

kansas.

jury not to consider returning a verdict of not guilty. We affirm.

## I. *Background.*

The police apprehended Robert Smith on August 15, 1978, while he was holding up a Seven-Eleven store in North Little Rock, Arkansas. At his trial for aggravated robbery, Smith admitted entering the store with intent to rob it. He also admitted having a gun in his possession, but claimed that he kept the weapon concealed while in the store. The prosecution's witnesses controverted the latter claim, testifying that Smith held both the store attendant and a customer at gunpoint.

Smith's attorney conceded during his closing argument that Smith did not expect to win an acquittal. His objective in pleading not guilty to aggravated robbery was to obtain a conviction for a lesser offense. He did not ask the jury to find him completely innocent.

Jury Instructions Numbers 10 and 11 explained the verdict options to the jury. Number 10 presented the choice between finding Smith guilty or not guilty of the charged offense of aggravated robbery. In the event the jury found the evidence insufficient to support a conviction for aggravated robbery, Instruction Number 11 offered the jury three lesser included offenses for which they could find Smith guilty. These offenses were robbery, attempted aggravated robbery, and attempted robbery.

In explaining the verdict form to the jury, the trial court remarked, "Mr. Lee [defense counsel] has admitted that [Smith] is guilty of something. So, you can disregard that not guilty verdict." When defense counsel inquired what the court meant by this statement, the court replied, "Well, there is an admission of some guilt of some criminality on your part. And all I'm saying is that a not guilty verdict should not be considered by the jury."

2. Because he is an habitual offender, Smith has no chance for parole.

3. The Supreme Court in *Townsend* stated:
   Where the facts are in dispute, the federal court in habeas corpus must hold an eviden-

On April 26, 1979, the jury found Smith guilty of aggravated robbery and sentenced him to 50 years in prison.[2] The Arkansas Supreme Court affirmed the conviction on appeal. *Smith v. State,* 268 Ark. 282, 595 S.W.2d 671 (1980). After the Arkansas Supreme Court denied Smith's request to seek post-conviction relief under Ark.R.Crim.P. 37, he filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in federal district court. The district court dismissed the petition without an evidentiary hearing and Smith appeals.

## II. *Discussion.*

Smith sought habeas corpus relief on the ground that the trial court's comment to the jury resulted in his being denied his constitutional right to a trial by jury. Smith argued that in directing the jury to disregard a verdict of not guilty, the trial judge in effect directed a verdict of guilty to the offense charged. On appeal, Smith argues that the district court erred in failing to hold an evidentiary hearing under the standards set forth in *Townsend v. Sain,* 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963).[3] Smith contends that he did not receive a full and fair evidentiary hearing in state court, and thus is entitled to a hearing in the federal court. This argument is without merit.

■ A determination of a factual issue made by a state court of competent jurisdiction is presumed to be correct unless the petitioner shows it to be erroneous. 28 U.S.C. § 2254(d); *Sumner v. Mata,* 449 U.S. 539, 101 S.Ct. 764, 66 L.Ed.2d 722 (1981). In the present case the issue raised by Smith was considered in detail on his direct appeal to the Arkansas Supreme Court.

■ The Supreme Court of Arkansas, after reviewing the evidence surrounding petitioner Smith's claim on direct appeal,

tiary hearing if the habeas applicant did not receive a full and fair evidentiary hearing in a state court, either at the time of the trial or in a collateral proceeding. [372 U.S. at 312, 83 S.Ct. at 756.]

found that where Smith and his attorney both admitted in open court that Smith robbed the grocery store, the judge's comment on the evidence that there was an admission of guilt of criminality, and that a "not guilty" verdict should not be considered, was harmless error. Smith has offered nothing that overcomes the presumption that the state court findings were correct and this court has found nothing in the record that requires us to disregard those findings. Therefore, the district court did not err in denying habeas corpus relief without holding an evidentiary hearing.

We also note that both the state supreme court, on Smith's direct appeal, and the district court observed that Smith failed to object to any of the alleged errors at trial. Failure to object at trial, absent a showing of cause for not objecting and the resultant prejudice, precludes federal habeas corpus review. *Wainwright v. Sykes,* 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977). Smith has failed to allege the necessary cause and prejudice to avoid preclusion of federal habeas review.

Accordingly, we affirm the district court's dismissal of the petition for a writ of habeas corpus.

McMILLIAN, Circuit Judge, dissenting.

I respectfully dissent. Under no circumstances in a criminal case may a trial court lawfully direct a verdict of guilty against a defendant and instruct a jury to consider only the punishment to be assessed. So, too, if the trial court felt guilt was not an issue, why even give the jury a not guilty instruction or verdict form. Likewise, it does not make for an orderly procedure if the trial court gives the jury specific written instructions, only to then tell the jury to disregard or ignore them.

Because appellant failed to object in the trial court, as pointed out by the majority, I would consider the alleged error under the "plain error" rule. Consequently, because the record does not show the reasons for appellant's failure to object in the trial court, I would remand to the district court with directions to develop a record on that issue before precluding appellant from federal habeas corpus review.