Roosevelt ABERNATHY *v.* STATE of Arkansas

CR 82-121                                              644 S.W.2d 590

Supreme Court of Arkansas
Opinion delivered January 24, 1983

*William R. Simpson, Jr.,* Public Defender, and *Howard R. Koopman,* Chief Deputy Public Defender, by: *Deborah R. Sallings,* Deputy Public Defender, for appellant.

*Steve Clark,* Atty. Gen., by: *Alice Ann Burns,* Asst. Atty. Gen., for appellee.

STEELE HAYS, Justice. The appellant was charged with the capital felony murder of Sue Bradley, who had earlier charged him with rape. He allegedly broke into the victim's home and shot her twice in the head as she slept. On June 16, 1982, a jury found him guilty and sentenced him to life without parole. Appellant raises four points for reversal, none of which have merit.

Appellant first argues the merger doctrine as applied to the felony murder rule: he urges the felony murder charge should not lie when the underlying felony is included in the charge of murder. Here, the underlying felony, burglary, is in fact included in the homicide. Although we doubt its soundness, given our statutory scheme and the facts in this case, we do not reach the merits of the issue as the argument was not first presented to the trial court. The only possible foundation for the argument on appeal is pointed to by the appellant in his motion to quash the capital murder information. The state had nolle prossed a first degree murder charge and refiled an information charging appellant with capital murder. Appellant objected to this procedure in his motion to quash, and in his final point states:

10. The allegation of the commission of a burglary in the above information is a subterfuge by the state to proceed as a capital felony murder charge and seek the death penalty.

The preceding points in the motion make it clear appellant was objecting to the procedure used by the prosecutor, which is the basis for his second argument for reversal, discussed below. However, to be preserved on appeal, an objection must be made to the trial court with sufficient clarity that the trial court has a fair opportunity to discern and consider the argument. *Wilson v. State,* 277 Ark. 43, 639

S.W.2d 45 (1982) and *Hobbs* v. *State,* 277 Ark. 271, 641 S.W.2d 9 (1982). The argument now raised was not sufficiently presented to the trial court. Only by severely straining the wording of the motion to quash, beyond logic and common sense, could we say the merger doctrine in capital felony crimes was presented to the trial judge. We therefore find no proper foundation below and we do not consider appellant's first argument.

In appellant's second point for reversal he submits the trial court erred in permitting the prosecutor to nolle prosse a first degree murder charge and then file a new information charging appellant with capital felony murder. Appellant points to Ark. Stat. Ann. § 43-1024 (Repl. 1977):

> *Amendment of indictment* — The prosecuting attorney or other attorney representing the State, with leave of the court, may amend an indictment, as to matters of form, or may file a bill of particulars. But no indictment shall be amended, nor bill of particulars filed, so as to change the nature of the crime charged or the degree of the crime charged. All amendments and bills of particulars shall be noted of record.

Appellant contends the procedure used by the prosecution allowed indirectly that which cannot be done directly by Ark. Stat. Ann. § 43-1024. The appellant cites as authority our decision in *State* v. *Washington,* 273 Ark. 82, 617 S.W.2d 3 (1981). There, we refused to allow the State to dismiss charges by nolle prosse in order to file new charges, when the purpose was to avoid the defendant's right to a speedy trial. We find the facts in the instant case present an entirely different situation. Here, there was no attempt to circumvent a constitutional right and no prejudice to the defendant is evident or claimed. In *Washington,* the procedure followed was perfectly permissible — it was only because the results of that procedure worked to prejudice the defendant that we found it to be improper. There is no comparable prejudice in this case.

We have interpreted Ark. Stat. Ann. § 43-1024 to relate to matters of notice and prejudice. See *Harmon* v. *State,* 277

Ark. 265, 641 S.W.2d 21 (1982); *Swaite* v. *State*, 274 Ark. 154, 623 S.W.2d 176 (1981). We recognize the importance of this statute in preventing eleventh-hour amendments and amendments made after trial has begun. The application of the statute was recently demonstrated in *Harmon, supra.* There, the defendant was charged with murder in the course of kidnapping, but the information was amended to charge in the alternative, murder in the course of robbery. We found error in the trial court's allowing the amendment to be made the morning of the trial, after the jury had been sworn in. It is this sort of prosecutorial action that constitutes prejudice to a defendant that § 43-1024 prohibits.

Alternatively, the prosecution must be afforded a reasonable degree of flexibility in order to effectively carry out its function. If we were to interpret Ark. Stat. Ann. § 43-1024 so restrictively as to prevent the procedure used in this case, the prosecution would be powerless to change a charge, regardless of the reason, if the change resulted in any alteration of the nature or degree of the crime. In *Harmon, supra,* applying § 43-1024, we concluded:

> That amendment was not permissible in the absence of any notice to Harmon that he was to be required to defend an essentially different charge of capital murder. Ark. Stat. Ann. § 43-1024. It is hardly even arguable that a person can fairly be sentenced to death upon a charge that was not made until the morning of trial, leaving no possibility for thorough preparation of a defense upon both the facts and the law. *Harmon* at 270.

In light of the language of the statute and our previous interpretations of it, we find the above to be a fair statement of the purpose to be served by § 43-1024. We cannot say that this principle conflicts with the procedure employed in this case so long as the defendant is given notice and adequate time for preparation. Additionally, the two procedures are distinguishable. If a decision is made to nolle prosse and a new information is subsequently filed, the prosecution must begin a new proceeding which, absent unusual circumstances or prosecutorial abuse, in itself provides the defense

with notice and adequate time for preparation. Here the appellant was charged with the new information on February 19, 1982 and went to trial on June 14, 1982. The appellant did not claim surprise of prejudice, nor does any appear. We find no error in the trial court's action.

For his third point, appellant argues that the capital felony murder statute is unconstitutional because it overlaps with the first degree felony murder statute. We have reviewed this argument a number of times and found it lacking. See *Simpson* v. *State,* 274 Ark. 188, 623 S.W.2d 200 (1981); *Ruiz and Van Denton* v. *State,* 273 Ark. 94, 617 S.W.2d 6 (1981); *Earl* v. *State,* 272 Ark. 5, 612 S.W.2d 98 (1981); *Cromwell* v. *State,* 269 Ark. 104, 598 S.W.2d 733 (1980).

In appellant's last point he challenges the death-qualification of the jury as depriving him of an impartial jury. Again, we have considered this argument before and rejected it. See *Perry* v. *State,* 277 Ark. 357, 642 S.W.2d 865 (1982); *Ruiz, supra.*

In compliance with Rule 11 (f) RSC, we have reviewed the entire record for errors below not argued on appeal and find none that are prejudicial to the appellant.

Affirmed.

PURTLE, J., dissents.

JOHN I. PURTLE, Justice, dissenting. The majority accurately states that an objection must be made to the trial court with sufficient clarity that the court has an opportunity to consider the argument. In the present case the motion to quash the information quoted in the majority opinion was filed by the appellant on March 19, 1982. Another motion to quash the information was filed on April 12, 1982, which motion questioned the issue of appellant's charge of capital murder as related to the burglary charge giving rise to the capital felony provisions. The trial court held an omnibus hearing on May 17, 1982, at which time the court denied both motions to quash the information. A review of the record indicates the trial court had a fair

opportunity to both discern and consider the arguments presented in both motions to quash and after due consideration denied these motions. Nowhere in the record, abstracts or briefs is there even any allegation that the trial court was not afforded an opportunity to fairly consider these arguments. Furthermore, in the case of *Ward* v. *State*, 272 Ark. 99, 62 S.W.2d 118 (1981), this court stated, "When a motion in limine is overruled, no further objection is needed." This court has subsequently held in the case of *Smith* v. *State*, 273 Ark. 47, 616 S.W.2d 14 (1981):

> If a sufficiently specific motion is overruled, then it may not be necessary for counsel to renew his objection if the specific prejudicial matter is later introduced.

In light of these previous decisions I feel that it is not necessary that the defendant re-raise these issues at trial in order to preserve the points for consideration on appeal.

A square is a rectangle but a rectangle is not necessarily a square. The overwhelming evidence in this case against the appellant was that he went to the home of the victim with a clear intent to murder her or otherwise cause her serious bodily harm. The facts indicate that the appellant arrived at her residence and found that she was asleep inside. In furtherance of his objective he entered the residence, shot her while she slept and escaped from the residence. The prosecutor initially filed charges of first degree murder against the appellant but later changed his mind and decided to go for the ultimate by filing an information charging him with capital murder. Our capital murder statute, Ark. Stat. Ann. § 41-1501 (Repl. 1977), states in pertinent part:

> A person commits capital murder if:
>
> (a) Acting alone . . . he commits or attempts to commit . . . burglary . . . and in the course of and in the furtherance of the felony . . . he . . . causes the death of any person under circumstances manifesting extreme indifference to the value of human life . . .

It is abundantly clear in my mind that the appellant was not "in the course of and in the furtherance of" the burglary when he shot and killed his victim. In any other context, the above-quoted phrase is without meaning. The actions of the defendant involved a single episode which would come under the provisions of Ark. Stat. Ann. § 41-105 (Repl. 1977) establishing burglary as a lesser included offense of first degree murder in this case. Ark. Stat. Ann. § 41-1502 states:

> (1) A person commits murder in the first degree if:
>
> (a) . . .
>
> (b) with the premeditated and deliberate purpose of causing the death of another person, he causes the death of any person.

The evidence presented in this case clearly establishes that the appellant was guilty of first degree murder. The jury considered the evidence and found the appellant guilty of killing his victim. The law states that this is first degree murder. I feel that this court should take it upon itself to change the appellant's conviction to first degree murder in deference to the law and the facts of this case and reduce his sentence to life in prison which would be the proper conviction and sentence under our statute.

The state in this case attempted to bootstrap lesser charges into greater charges without respect to the clear wording of our statutes and the considerations of our judicial system. The prosecutor is an officer of the court just as is a defense counsel. It should be the duty of the officers of the court to put into practice the clear intent and wording of our laws and not to overreach the statutes. The appellant in this case clearly was not committing a burglary which incidentally resulted in the death of another person. Quite to the contrary, in the commission of a first degree murder he committed the burglary. I must respectfully dissent.